MARY AUBREY, ADMINISTRATRIX (ESTATE OF CHRISTIAN BISHOP) *vs.* THE CITY OF MERIDEN ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued April 8th—decided May 14th, 1936.

*Lewis J. Somers,* for the appellant (plaintiff).

*Denis T. O'Brien, Jr.,* for the appellees (defendants Harris *et als.*).

*DeLancey S. Pelgrift,* for the appellee (named defendant).

BANKS, J.  Plaintiff's intestate was fatally injured by the fall of a ladder erected by the individual defendants, members of the Meriden fire department, in the performance of their duties in extinguishing a fire in a building at the corner of West Main Street and High School Avenue.  The plaintiff claimed to have proved that the firemen in erecting the ladder placed the bottom too close to the wall of the building, that the top of the ladder was not fastened and was not squarely against the building; that after using the ladder to get some objects out of a window they left it unguarded and unfastened; that there was a heavy wind blowing and some fifteen minutes later the ladder fell, striking plaintiff's intestate who was janitor of the building and arrived at the building just as the ladder fell.  The defendants claimed to have proved that the foot of the ladder was set at a proper distance from the building with the top fairly against the side of the building, that there was a slight wind blowing and that the ladder fell while the firemen were in the cellar fighting the fire; also that when the ladder was erected fire lines were established and the area in front of the building was within the established fire lines.  The action against the city was based upon the claimed creation of a nuisance and of an obstruction of a highway, and that against the individual defendants upon the ground of negligence.

The court directed a verdict in favor of the city and the jury brought in a verdict in favor of all the defendants.  The plaintiff moved to have the verdict set aside as against the law and the evidence, but the assistant clerk of the court refused to file the written motion on the ground that it was received too late.

The plaintiff filed a motion for an order directing the clerk to file the motion to set the verdict aside or in the alternative for an extension of time within which to file such motion. The court denied both motions and this action is assigned as error.

The jury brought in their verdict on Friday, March 22d, at 6 p. m., which was accepted by the court. About 10.30 a.m. Saturday, March 23d, counsel for the plaintiff delivered at the Meriden post office a written motion that the verdict be set aside enclosed in an envelope, bearing a special delivery stamp, addressed to the clerk of the Superior Court at New Haven. It was stamped at the Meriden post office "11.30 a.m." and at the New Haven post office 3.30 p. m.." It was received by an assistant clerk at New Haven on Monday, March 25th, at 8.20 a. m.

The rules (Practice Book, § 229) provide that "motions to set aside a verdict as against the evidence, must be filed with the clerk within twenty-four hours, exclusive of Sunday, after the verdict is accepted; provided that for good cause the court may extend this time." Section 5400 of the General Statutes provides that, except during July and August, the Superior Court in each county shall be deemed to be open on each day, except on legal holidays and on Saturday afternoons after twelve o'clock, for the purpose of entering appearances, judgments of nonsuit or default for want of appearance and filing pleadings, amendments to pleadings and written motions, and that on Saturdays all such proceedings shall be had between ten o'clock in the forenoon and twelve o'clock noon, at the clerk's office. Presumably the clerk's office was not open, for the purpose of filing this motion, after twelve o'clock on Saturday afternoon. The rule requiring that such motion be filed within twenty-four hours excludes Sundays but does not exclude Saturday after-

noons. It is to be construed in connection with the statute which requires the clerk's office to be open only until twelve o'clock on Saturdays; and the fact that the motion cannot be filed after that hour on Saturday does not extend the time for its filing. No permissible construction of the rule would permit the filing of the motion in this case on the following Monday. As we said in *Brown* v. *Congdon,* 50 Conn. 302, 311, with reference to a motion in arrest of judgment, "the limitation, although the time is short, is found by experience to be on the whole for the interest of the public. We no more feel at liberty to disregard it on account of the hardship of a particular case than we do to disregard an ordinary statute of limitations for a similar reason."

The court may for good cause extend the time for filing such a motion. The finding of good cause is largely within the discretion of the trial judge and uncontrolled unless the circumstances show an abuse of discretion. *La Croix* v. *Donovan,* 97 Conn. 414, 417, 117 Atl. 1. The usual motion to set a verdict aside is a simple one which may easily be, and not infrequently is, filed immediately upon the conclusion of the case. Counsel for the plaintiff should have realized that in all probability a motion deposited in the Meriden post office at 10.30 Saturday morning would not be delivered at the court house in New Haven until after it was closed for the day. It was reasonably possible for him to have filed it before that hour. It cannot be said that the trial judge abused his discretion in holding that no good cause had been shown why the time for filing the motion should be extended. Furthermore, the claim of proof by the parties and the charge make it quite evident that in this case there could have been no substantial basis for the granting

of the motion had it been seasonably filed. The court did not err in denying these motions.

At the time of the adjournment of the trial on Thursday the court informed the jury that their presence would not be required until 10.30 the next morning. At 10.37 the court, defendants' counsel and the jury were present and ready to proceed, but plaintiff's counsel was not present. The court waited until 10.45 and then directed defendants' counsel to proceed, and two witnesses were examined. It was then 10.51 and the court declared a recess. At 10.55 plaintiff's counsel appeared and explained his absence to the trial judge in chambers. The recess was then terminated, the court announced that plaintiff's counsel had explained his absence and would be given an opportunity to cross-examine the witnesses, and their testimony taken in his absence was read. Plaintiff's counsel then asked to have an exception noted to the procedure in taking evidence in his absence, and the court ruled that if he took an exception he could not cross-examine the witnesses. Counsel insisted on taking an exception, and the witnesses were dismissed without cross-examination. Neither the ruling of the court nor the action of counsel commend themselves to us. It does not appear that the latter's absence was unavoidable or excusable. It was within the province of the court, in its control over the conduct of the trial, to proceed when his absence was unexplained. Upon his appearance within a few minutes after the completion of the examination of the defendants' witnesses fairness required that he be given an opportunity to cross-examine them and this should have been given unconditionally. In fact, no exception to the action of the court in proceeding with the trial in the absence of counsel was necessary to preserve the plaintiff's rights. *Zalewski* v. *Waterbury Mfg. Co.*, 89 Conn. 46,

48, 92 Atl. 682. Counsel, as well as the court, should have known this, and should have proceeded with the cross-examination instead of captiously insisting upon his exception. Plaintiff is not entitled to a reversal of the case because of a result brought about by this conduct of her own counsel.

The plaintiff complains of the refusal of the trial court to give a number of her requests to charge. For the most part these violated our rule that each such request shall contain a single proposition of law clearly and concisely stated. Practice Book, § 156. In several of the requests the plaintiff asked the court to instruct the jury upon the doctrine of res ipsa loquitur. It appears from the finding that the plaintiff offered proof of a negligent erection of the ladder, while the defendant offered countervailing evidence that it was erected with due care. Upon this state of the proof there was no occasion or necessity to explain to the jury the application of the doctrine. *Ryan* v. *Lilley Co.*, 121 Conn. 26, 31, 183 Atl. 2. In so far as the other requests were correct, the subject-matter of all of them was sufficiently covered by the charge as given.

With apparent reference to a claim made in argument, the court charged the jury that what might be negligence on the part of a mason or a painter or a chimney sweep under different circumstances might not be negligence on the part of the firemen. The plaintiff's criticism of this charge seems to be that it fixes a different standard of care for a fireman than for others. The standard of care is the same for all—that which a reasonably prudent man would exercise under the same circumstances—but the conduct of these defendants was to be measured by the jury in view of the circumstance that they were firemen engaged in the performance of their duty. *Heimer* v. *Salisbury*, 108 Conn. 180, 183, 142 Atl. 749. The court,

having in its charge already correctly stated the standard of care required of them, was quite right in saying that what might be negligence on the part of others under different circumstances might not be negligence on the part of the firemen.

The plaintiff attacks a number of paragraphs of the charge as containing misstatements of the evidence or unfair comments upon the testimony of various witnesses. The record contains certain excerpts of testimony in the form of exhibits, evidently deemed to be relevant to these assignments of error, which the trial court has indorsed "certified and made part of the record on appeal." Where assignments of error, such as these, require for their consideration a transcript of some portion of the evidence, either the evidence should be stated in the finding or—and unless the relevant testimony is brief this would be the better practice—the evidence should take the form of exhibits which are referred to in and made a part of the finding, for we can test the charge only by the finding. If, however, in this case, we regard the excerpt of testimony in the record as properly before us, a careful examination of the charge fails to disclose any misstatement of the evidence upon a material point of sufficient importance to constitute reversible error, or any reference to the testimony of the witnesses, which was not within the limits of fair comment.

The ruling that the witness Bishop, who was offered as an expert, had not qualified to testify as an expert was one that was within the discretion of the court. *Coffin* v. *Laskau*, 89 Conn. 325, 329, 94 Atl. 370. The other rulings on evidence to which exception was taken were not pursued in brief or oral argument.

There is no error.

In this opinion the other judges concurred.