EVERGREEN COOPERATIVE, INC. *v.* FELICIEN MICHEL
ET AL.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 931

Argued February 21—decided April 18, 1980

*Richard McCarthy,* for the appellants (defendants).

*Eugene E. Cederbaum,* with whom was *Mark A. Rubenstein,* for the appellee (plaintiff).

PARSKEY, J. In this summary process action the court granted the plaintiff's motion for default and thereupon rendered judgment for the plaintiff. The defendants claim that that action was taken without proper notice. Because the resolution of this issue is dispositive of this appeal, we need not consider the other issues raised by the parties.

At the outset, however, the plaintiff questions our jurisdiction to hear the appeal,[1] claiming that it

[1] At an earlier stage of the proceedings the plaintiff challenged our jurisdiction in a motion to dismiss. Because we denied the motion without opinion, we have decided to articulate our reasons herein.

was not taken within the time limitation provided by General Statutes § 47a-35. That section provides that appeals from judgments in summary process actions shall be taken within five days from the date of judgment, excluding intervening Sundays and legal holidays. Judgment in this case was rendered on September 24, 1979, a Monday. The fifth day from the date of the judgment was September 29, a Saturday. The clerks' offices in the Superior Court are closed on Saturdays. The appeal was filed on October 1, the following Monday, in accordance with Practice Book, 1978, § 405, which allows any matter due on a day when the clerk's office is closed to be filed on the next business day that the office is open. Because the time for appealing summary process judgments is provided by statute, the timeliness of the appeal raises a jurisdictional question.

Since the statute specifically excludes Sundays and legal holidays from the computation but does not exclude Saturdays or other days when the clerk's office is closed, the plaintiff argues, in effect, that when the terminal day falls on Saturday the appeal must be taken within four days from the date of judgment. We do not agree. The clear legislative intent is to allow an appellant five days in which to file an appeal in a summary process action. The statute does not exclude all Sundays and legal holidays but only intervening ones. The import of this language is apparent when the problem is viewed in the context of its common-law background.

At common law, when the terminal day for the performance of an act fell on a Sunday or a legal holiday, performance on the following day was permissible. *Alderman Bros. Co.* v. *Westinghouse Air Brake Co.*, 91 Conn. 383, 385, 99 A. 1040 (1917); *Sommers* v. *Adelman,* 90 Conn. 713, 714, 99 A. 50

(1916). The reasons underlying the common-law rule are twofold: A party was not obligated to act before the date fixed for his performance; see *Avery* v. *Stewart,* 2 Conn. 69, 73 (1816); and he was powerless to act on terminal Sundays or legal holidays. *Sommers* v. *Adelman,* supra. Sundays and legal holidays were not excluded from all computations of time. Intervening Sundays, for example, were always included in the computation. *Sands* v. *Lyon,* 18 Conn. 18, 31 (1846). Thus, by providing for the exclusion of intervening Sundays and legal holidays from the computation of time for appeals from summary process judgments, the legislature thereby extended the time for appeal by the corresponding business days. See *Connecticut Betterment Corporation* v. *Ponton,* 5 Conn. Cir. Ct. 265, 267–68, 250 A.2d 340 (1968). If we assume that § 47a-35 represents the legislative determination that five days is a reasonable time to evaluate the judgment and prepare the appeal papers, the exclusion of Sundays and holidays merely allows litigants five working days to prepare the appeal, while resting on Sundays and holidays, traditional days of rest. See *Sommers* v. *Adelman,* supra. In making this determination, the legislature was expressing no intent regarding terminal days which fell on days when the clerk's office was closed.

That being the case, whether the appeal may be filed on the next business day when the terminal day falls on a Saturday is a matter of statutory construction. Taking an appeal requires action not only by the appellant; it also requires action by the clerk of court who is to receive the appeal. See *Lamberti* v. *Stamford,* 131 Conn. 396, 400, 40 A.2d 190 (1944). It is impossible to file an appeal on the fifth day if the clerk's office is closed. Nothing in the language of the summary process statute suggests that in such circumstances the time within

which the appeal is to be taken is limited to four days. Were we to take that view, the legislative will could be frustrated in every case by the simple device of always scheduling short calendar sessions in summary process actions on Mondays. We hold that § 47a-35 is to be construed so that when the fifth day falls on a day when the clerk's office is closed an appeal filed on the next business day is deemed to be filed within five days from the date of judgment.

We note that our holding today does not conflict with the teaching of *Aubrey* v. *Meriden,* 121 Conn. 361, 185 A. 87 (1936). In that case the Supreme Court held that a twenty-four hour time limit set out in the Practice Book for filing a motion to set aside a verdict was not extended because the clerk's office was only open until noon on Saturday and, therefore, was closed when the period expired. Pointing out that the usual motion to set a verdict aside is a simple one and that the twenty-four hour rule itself contained an express provision allowing the court to extend the period for good cause, the *Aubrey* court held that the trial court did not abuse its discretion by declining to grant an extension. Id., 365. We find the present question of a total denial of access to the clerk's office to be distinguishable from the partial access problem presented in *Aubrey.* In the present case, we are concerned with the filing of an appeal, a matter more complex than a simple motion to set a verdict aside. See Practice Book, 1978, § 3012. Moreover, since § 47a-35 does not contain an express provision for extending the five-day period, our construction of the statute does no more than ensure that litigants will, in all cases, have five days within which to file the appeal rather than the four days urged by the plaintiff for those whose judgment happened to be rendered on a Monday.

We now proceed to consider the merits of this appeal. At the short calendar session on September 24, 1979, the trial court, with neither the defendants nor their attorney present, granted the plaintiff's motion for default for failure to plead and rendered judgment for immediate possession. According to the stipulation of facts submitted by the parties, on September 20 the defendants' attorney received a letter from the plaintiff's attorney advising him that, in accordance with an understanding between counsel, the plaintiff's motions for default and for judgment would be heard on September 24, and that if the defendants' attorney had not filed an answer by that date the plaintiff's attorney was going to proceed to take a default in the matter. On September 20 the defendants' counsel also received the regular summary process short calendar list. The plaintiff's motions were not listed thereon. Sometime thereafter court personnel added this case to the calendar as a "write-on."

On September 24 at 9:15 a.m. the plaintiff's attorney called the office of the defendants' attorney and left a message to the effect that the plaintiff's attorney was going to press for a default in the case at the 10 a.m. calendar call that morning. At 9:30 a.m. an assistant clerk advised the defendants' attorney by telephone that the action was not on the court calendar that day. At 9:35 a.m. the defendants' attorney telephoned the plaintiff's attorney and advised him regarding the conversation which the defendants' attorney had had with the assistant clerk. The plaintiff's attorney responded that on September 18 he had been advised by a different assistant clerk that the case was on the court calendar and stated further that he intended to appear at the short calendar and request that judgment by default be entered. Although on September 24 at about 9:05 a.m. and

9:40 a.m. an assistant clerk orally notified the plaintiff's attorney that this action was on the court calendar for that day, there is no indication in the stipulation that this information was transmitted from the court to the defendants' attorney. The reason given by the assistant clerk who added the case to the short calendar list for not notifying the defendants' counsel of her action was "because I figured [he] would be there anyway."

The breakdown in communication occurred in this case because of a general laxity which has crept into the management of judicial business. The responsibility for placing matters on the short calendar rests with the clerk for those matters entitled to automatic assignment under Practice Book, 1978, § 208. Short calendar lists are required to be distributed to attorneys and to pro se parties of record. Practice Book, 1978, § 207. All other matters appropriate for short calendar may be placed thereon only by order of the court. Practice Book, 1978, § 206. Neither the clerk nor any attorney or pro se party has any authority to have a matter written on the short calendar without the approval of the court and reasonable notice to other parties of record.

There is nothing in the record before us which indicates that the defendants' attorney received any notice from the clerk's office that the plaintiff's motions were on the short calendar for disposition on September 24. In these circumstances the court should not have heard the motions or rendered judgment thereon.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion Daly and Bieluch, Js., concurred.