The facts in this appeal[1] are as follows: On August 30, 1974, the defendants leased from the plaintiff the premises known as 41-4 Thornhill Circle, Waterbury. On July 19, 1979, the plaintiff filed a complaint which initiated a summary process action against the defendants. A revised complaint was filed on September 26. On October 1, the plaintiff filed a motion for default for failure to plead and for judgment of immediate possession of the premises. On October 11, the court granted the defendants' motion for extension of time in which to plead until October 24. On October 25, the plaintiff filed a second motion for default for failure to *Page 566 
plead and for judgment of immediate possession. This motion was granted in chambers on October 29. On November 6, the defendants filed a motion to open judgment which was denied by the court on November 13. A second motion to open judgment was filed on January 14, 1980, and, likewise, was denied by the court on January 28. The defendants have appealed from each denial. In view of our disposition of the appeal from the denial of the defendants' first motion to open judgment, it is not necessary to consider the second appeal.
The plaintiff's motion for default for failure to plead and for judgment of immediate possession was granted by the trial judge in his chambers ex parte. It appears that a judge has the power to grant such a motion only when court is in session, not ex parte in chambers. Public Acts 1979, No. 79-571, 52 provides, "[i]f the defendant fails to plead within three days after receipt of [a motion for judgment for failure to plead] by the clerk, the court shall forthwith enter judgment that the complainant recover possession or occupancy with his costs." (Emphasis added.)
More importantly, the judgment was rendered prematurely. Practice Book, 1978, 405 provides that "[c]lerks' offices shall be open each weekday from Monday to Friday inclusive, between 9 o'clock in the forenoon and 5 o'clock in the afternoon . . . If the last day for filing any matter in the clerk's office falls on a day on which such office is not open as thus provided or is closed pursuant to authorization by the chief judge or the chief court administrator . . ., then the last day for filing shall be the next business day upon which such office is open." See also General Statutes 51-59.
The plaintiff filed its second motion for default for failure to plead and for judgment of immediate possession on Thursday, October 25, 1979. *Page 567 
Pursuant to Public Acts 1979, No. 79-571, 52, the defendants were required to plead by October 28 in order to avoid a default judgment against them. Since that date fell on a Sunday, however, the defendants' time in which to plead was automatically extended to the following business day by virtue of Practice Book, 1978, 405. As a result, the granting on that day, October 29, of the plaintiff's motion for default for failure to plead and for judgment of immediate possession was without effect; any action on the plaintiff's motion could not have properly been taken until October 30. Evergreen Cooperative, Inc. v. Michel,36 Conn. Sup. 541, 418 A.2d 99 (1980). See also Lamberti v. Stamford, 131 Conn. 396, 401,40 A.2d 190 (1944).
 There is error, the granting of the motion for default for failure to plead and for judgment of immediate possession is set aside and the case is remanded for further proceedings.
In this Opinion SHEA and BIELUCH, JS., concurred.