JAMES J. SMITH ET AL. *v.* OTIS ELEVATOR COMPANY
(12802)

DUPONT, C. J., FOTI, LAVERY and HEIMAN, Js.

Considered October 27—decision released November 23, 1993

*L. Dougles Shrader,* in support of the motion.

*T. Paul Tremont* and *Frank A. Bailey,* in opposition to the motion.

PER CURIAM. The defendant has filed a motion to dismiss the plaintiff's appeal for lack of a final judgment. The dispositive issue before us is whether a final judgment exists after the trial court has denied a motion to set aside the verdict but before it has heard evidence of collateral source payments pursuant to General Statutes § 52-225a.[1] We conclude that final judgment does not enter until after the collateral source payment issue has been decided and, therefore, the appeal must be dismissed for lack of a final judgment.

The procedural history of this case is not in dispute. In 1990, the plaintiff, James Smith,[2] brought a negli-

---

[1] General Statutes § 52-225a provides in relevant part: "REDUCTION IN ECONOMIC DAMAGES IN PERSONAL INJURY AND WRONGFUL DEATH ACTIONS FOR COLLATERAL SOURCE PAYMENTS. (a) In any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987 . . . and wherein liability . . . is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.

"(b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment. . . ."

[2] We refer herein to the named plaintiff, James Smith, as the plaintiff. His wife, Jacqueline Smith, was a coplaintiff in the trial court, asserting

gence action against the defendant, Otis Elevator Company. Prior to bringing the action, the plaintiff received compensation for his injuries under the Workers' Compensation Act. The plaintiff's complaint alleged that, while working at a job site for his employer, Maklari Electric, he suffered various personal injuries due to the defendant's negligence. After a jury trial, a verdict was rendered for the plaintiff and accepted by the trial court on August 5, 1993. The plaintiff moved to set aside the verdict and moved for an additur. The trial court denied both motions on August 20, 1993, and ordered an evidentiary hearing on collateral source payments made to the plaintiff.[3]

On September 1, 1993, prior to the hearing on the collateral source payment issue, the plaintiff filed an appeal from the denial of his motion to set aside the verdict. The defendant filed a timely motion to dismiss the appeal, asserting that, pursuant to General Statutes § 52-225a, final judgment cannot enter until after the hearing on collateral source payments, and that the denial of the motion to set aside the verdict does not satisfy the test for a final judgment enunciated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). In his opposition to the motion to dismiss, the plaintiff claims that judgment enters as a matter of course once a motion to set aside the verdict is denied. *Gordon* v. *Feldman,* 164 Conn. 554, 557, 325 A.2d 247 (1973); *Tough* v. *Ives,* 159 Conn. 605, 606, 268 A.2d 371 (1970).

"The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court." *Schick* v. *Windsor Airmotive Division/Barnes*

a derivative claim for loss of consortium. Maklari Electric, the plaintiff's employer at the time of the alleged accident, was also a coplaintiff seeking reimbursement for funds paid to the plaintiff under the Workers' Compensation Act. Neither Jacqueline Smith nor Maklari Electric is an appellant.

[3] The court held a hearing on October 5, 1993, but has not yet rendered a decision regarding the collateral source payments.

*Group,* 31 Conn. App. 819, 822, 627 A.2d 478 (1993), citing *Walton* v. *New Hartford,* 223 Conn. 155, 162 n.9, 612 A.2d 1153 (1992). If there is no final judgment, we cannot reach the merits of the appeal. General Statutes §§ 51-197a, 52-263; Practice Book § 4000.

The plaintiff properly contends that, as a general rule, in a civil jury case final judgment enters as a matter of course once a motion to set aside the verdict is denied. *Gordon* v. *Feldman,* supra. However, "[a]ppellate jurisdiction is derived from the constitutional or statutory provisions by which it is created and can be acquired and exercised only in the manner prescribed." *LaReau* v. *Reincke,* 158 Conn. 486, 492, 264 A.2d 576 (1969). Our legislature has frequently exercised its power to prescribe when final judgment exists under various circumstances. See *Ambroise* v. *Williams Raveis Real Estate, Inc.,* 226 Conn. 757, 628 A.2d 1303 (1993) (discussing final judgment under the prejudgment remedy statute); *Dunham* v. *Dunham,* 217 Conn. 24, 584 A.2d 445 (1991) (discussing final judgment under the lis pendens statute); *Southington* v. *Pierce,* 29 Conn. App. 716, 720 n.4, 617 A.2d 929 (1992) (discussing final judgment under various statutes regarding temporary injunctions).

General Statutes § 52-225a was enacted as part of a tort reform act. Subsection (a) of § 52-225a provides in relevant part that "[i]n any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) . . . ." Subsection (b) provides in pertinent part that "[u]pon a finding of liability and an awarding of damages by

the trier of fact *and before the court enters judgment,* the court shall receive evidence . . . concerning the total amount of collateral sources . . . . " (Emphasis added.)

"In construing a statutory provision, we first look to its language, and if that language is plain and unambiguous, 'we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature.' " *Samperi* v. *Inlands Wetlands Agency,* 226 Conn. 579, 590, 628 A.2d 1286 (1993); *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). Section 52-225a clearly indicates that the trial court must receive evidence concerning collateral source payments before entering judgment. There is no final judgment until the collateral source payment issue is decided.

Because we may exercise jurisdiction only in the manner prescribed by statute, we must adhere to the requirements of § 52-225a. We read § 52-225a as expressly mandating that final judgment does not enter until the trial court has rendered a decision regarding collateral source payments. We conclude that the denial of the plaintiff's motion to set aside the verdict is not an appealable final judgment.

The defendant's motion to dismiss the appeal for lack of a final judgment is granted.