JOHN C. JONES *v.* SLAWOMIR S. PARZYCH
(13409)

LAVERY, HENNESSY and FREEDMAN, Js.

Argued January 12—decision released May 9, 1995

*Dennis F. McCarthy,* for the appellant (defendant).

*Christopher G. Santarsiero,* with whom, on the brief, was *Leonard M. Crone,* for the appellee (plaintiff).

LAVERY, J. The defendant appeals from the denial by the trial court of his motion to open a judgment to

receive evidence regarding collateral sources. The defendant claims that the trial court improperly denied the motion because General Statutes § 52-225a (b)[1] requires the trial court to receive evidence of collateral sources before it enters judgment. We agree and reverse the judgment of the trial court.

The pertinent facts are as follows. The plaintiff filed suit against the defendant seeking damages for injuries arising out of an altercation in the Arm's Cafe in the Oakville section of Watertown. The complaint alleged assault, intentional infliction of emotional distress based on the assault, and negligence. The defendant filed an answer and special defense.

The jury returned a verdict for the plaintiff on the negligence claim finding economic damages of $3271.89 and noneconomic damages of $2000. The jury found that the percentage of negligence attributable to the defendant was 100 percent. According to the docket summary, the jury verdict was accepted and judgment entered thereon on August 27, 1993. A review of the file and transcript discloses that no motion to set aside the verdict was filed, nor did the defendant request that a hearing be scheduled on collateral sources.

On September 15, 1993, the defendant filed a "Motion to Re-Open Judgment to Receive Evidence Regarding Collateral Sources pursuant to General Statutes § 52-225a." The plaintiff objected to the motion to open arguing that no evidence of the amount, if any, of collateral source benefits was introduced at trial and the defendant did not make a timely motion to set aside the judgment. On October 13, 1993, the plaintiff filed

[1] General Statutes § 52-225a (b) provides: "Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment."

a motion for additur predicated on the granting of the defendant's motion to open the judgment and seeking that the verdict be raised to $15,271.89. The defendant filed an objection to the motion for additur. The motion for additur was denied on February 10, 1994.

On February 15, 1994, the trial court filed a memorandum of decision, dated February 14, 1994. The trial court noted that the defendant sought to open the judgment for the purpose of receiving evidence of collateral sources pursuant to General Statutes § 52-225a. The court stated that General Statutes § 52-225a (b) provides: "Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment." The trial court held that since the defendant did not seek to introduce evidence of collateral sources prior to judgment, he is now barred from introducing such evidence. The trial court denied the motion to open from which denial this appeal was taken.

In *Smith* v. *Otis Elevator Co.*, 33 Conn. App. 99, 102–103, 633 A.2d 731 (1993), we said: "General Statutes § 52-225a was enacted as part of a tort reform act. Subsection (a) of § 52-225a provides in relevant part that '[i]n any civil action, whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . by an amount equal to the total of amounts determined to have been paid under subsection (b) . . . .' Subsection (b) provides in pertinent part that '[u]pon a finding of liability and an awarding of damages by the trier of fact *and before the*

*court enters judgment,* the court shall receive evidence . . . concerning the total amount of collateral sources . . . .' " (Emphasis in original.)

"In construing a statutory provision, we first look to its language, and if that language is plain and unambiguous, 'we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature.' " *Samperi* v. *Inlands Wetlands Agency,* 226 Conn. 579, 590, 628 A.2d 1286 (1993); *Rhodes* v. *Hartford,* 201 Conn. 89, 93, 513 A.2d 124 (1986). General Statutes § 52-225a clearly indicated that the trial court must receive evidence concerning collateral source payments before entering judgment. The judgment should not have been entered until the collateral source payment issue had been decided.

In light of *Smith* v. *Otis Elevator Co.,* supra, 33 Conn. App. 99, the trial court in the present case should not have entered judgment on August 27, 1993, the date the verdict was received. Rather, as the trial court did in the *Smith* case, the trial court in the present case should have ordered an evidentiary hearing on collateral source payments made to the plaintiff. Id., 101. Not having ordered such a hearing, the trial court in the present case should have opened the judgment it entered on August 27, 1993. This would have addressed the clear and unequivocal language of General Statutes § 52-225a, which requires the trial court to receive collateral source evidence after the verdict but before entering final judgment.

The denial of the motion to open the judgment is reversed and the case is remanded with direction to open the judgment and to hold a hearing as required by statute on collateral source payments before entering final judgment.

In this opinion the other judges concurred.