[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff, Philip Doran (Doran) brought suit against the defendant, Allstate Insurance Company (All-state), to recover damages pursuant to the underinsured motorist portion of his insurance contract with Allstate. Doran alleges that he had been involved in an automobile accident with Leo Lake, in which Lake was the negligent party. Doran settled his claim against Lake for the full value of Lake's automobile CT Page 13621 liability insurance and then sued to collect pursuant to his underinsured motorist portion of his contract with Allstate.
A trial was held before a jury. Prior to the jury verdict, the parties had stipulated that the $20,000 already paid by Allstate pursuant to Lake's liability policy, and that $20,000 exhausted all insurance coverage available under that policy. Additionally, the parties agreed that $3,910.86 had been paid to the plaintiff by Allstate in the form of no-fault benefits. The parties also stipulated that Allstate was entitled to a credit of $23,910.86 against any verdict found in Doran's favor. The jury assessed Doran's damages to be $10,000.
Thereafter, Allstate filed a motion for judgment with the court, asserting that the jury verdict "in effect, determined that by definition, the plaintiff does not have a valid claim for underinsured motorist benefits against the defendant." Later, Doran submitted a bill of costs pursuant to General Statutes §§ 52-257 and 52-261 and Practice Book §§ 412 and 425. Doran claims to have obtained a verdict in his favor and, as a result, claims to be entitled costs of $5,098. Allstate filed an objection to the bill of costs, contending that Allstate, not Doran, was the prevailing party.
General Statutes § 52-257 provides in relevant part that:
"The prevailing party in any such civil action shall receive, by way of indemnity, the following sums: (1) For all proceedings before trial, fifty dollars; (2) for the trial of an issue of law or fact, seventy-five dollars, but if more than one issue of fact is tried at one time, only one trial fee shall be allowed; and (3) in difficult or extraordinary cases in the superior court, where a defense has been interposed, a further allowance, in the discretion of the court, not to exceed two hundred dollars." (Emphasis supplied.) Additionally, the prevailing party is entitled to expert fees. See General Statutes § 52-257 (b).
Allstate argues that it is entitled to judgment because this is a claim for underinsured motorist benefits, which would apply to any damages greater than the $20,000 liability policy held by Lake. Because the jury awarded only $10,000, Allstate argues that the jury has essentially determined that Doran is not entitled to anything under the underinsured motorist portion of the policy. Therefore, Allstate argues that it, and not Doran, is the prevailing party. CT Page 13622
Doran argues that he is the prevailing party. He argues that even though the stipulated credit exceeds the amount of damages found by the jury, he did obtain a verdict for money damages against Allstate.
Black's Law Dictionary, 6th Edition, defines a prevailing party as "the party who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention. The one in whose favor the decision or verdict is rendered and judgment entered . . . . this may be the party prevailing in interest, and not necessarily the prevailing person. To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, . . . the party who has made a claim against the other, has successfully maintained it."
The court holds that Doran has not established that he is a prevailing party. In order to be a prevailing party, the plaintiff must prevail on the main or significant issue in this action. This action was brought by Doran to collect damages under the underinsured motorist coverage provisions of his insurance contract with Allstate. The main or significant issue in this action was whether Doran was entitled to reimbursement pursuant to the underinsured motorist provisions of his contract with Allstate.
The Supreme Court has observed, "A person gains or obtains nothing by a jury verdict . . . . unless that verdict is ultimately transformed into a judgment. A verdict is essentially a finding of fact and cannot be implemented until judgment has been rendered thereon." Civiello v. Owens-Corning FiberglassCorp, 208 Conn. 82, 544 A.2d 158 (1988).
When the stipulated offset is applied to the jury's verdict, the judgment would be the plaintiff takes nothing from the defendant. Doran has not prevailed because he has not successfully prosecuted his claim that he is entitled to damages pursuant to the underinsured provisions of his policy with Allstate. Accordingly, the court will not tax a bill of costs in favor of Doran.
McDONALD, J. CT Page 13623