[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The plaintiff instituted the present action seeking to recover monetary damages as a result of personal injuries sustained in a motor vehicle accident taking place on April 23, 1989. The case was submitted to the jury as a hearing in damages and the jury returned a verdict in favor of the plaintiff in the amount of $12,000 for economic damages and $140,000 for non-economic damages. The defendants have now moved to set that verdict aside as being excessive and request the Court to order a remittitur.
The standard by which the court determines whether a verdict is excessive has been stated in Mather v. Griffin Hospital,207 Conn. 125 (1988) at pp. 138-139 as follows:
 "Litigants have a constitution right to have factual issues resolved by the jury. . . . This right embraces the determination of damages when there is room for a reasonable difference of opinion among fair-minded persons as to the amount that should be awarded. . . . This right is `one obviously immovable limitation on the legal discretion of the court to set aside a verdict since the constitutional right of trial by jury includes the right to have issues of fact as to which there is room for a reasonable difference of opinion among fair-minded men past upon by the jury and not by the court'. . . . The amount of a damage award is a matter of peculiarly within the province of the trier of fact, in this case, the jury. . . . The size of the verdict alone does not determine whether it is excessive. `The only practical test to apply to this verdict is whether the award falls somewhere within the necessarily uncertain limits of just damages or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, prejudice, mistake, or corruption'. . . . In considering a motion to set aside the verdict, the court must determine whether the evidence, viewed in the light most favorable to the prevailing party, reasonably supports the jury's verdict. . . ." (Citations omitted). CT Page 1914
As a result of the accident, the plaintiff sustained numerous injuries, including a cervical disk herniation; a 15 percent permanent disability to the cervical spine; a seven percent permanent disability to the lumbro-sacral spine; slipped disks in the jaw joint systems resulting in permanent disability to the temperal mandibular joints causing in a 40 percent loss of use of jaw function and restricting the plaintiff to a soft, semi-solid diet; and extensive dental restoration work for which no bill was submitted but which had a value in excess of $7,000. The injuries to the plaintiff necessitated considerable medical treatment and resulted in considerable pain, which was described as chronic. In view of the extensive injuries sustained by the plaintiff, and her life expectancy of 29.6 years, the verdict cannot be regarded as excessive under the standard hereinbefore set forth. The defendant is therefore not entitled to a remittitur.
The plaintiff also claims that the verdict should be set aside because the Court did not give the requested charge of "falsus in uno, falsus in omnibus" which refers to the prerogative of the jury to discredit all of a witness' testimony if the jury finds that the witness has testified falsely in some respect. In the present case, the defendant did not produce any evidence other than cross examination, with respect to any false testimony on behalf of a witness. The requested charge is a matter within the discretion of the trial judge and the court believes that the general charge on the credibility of witnesses was a sufficient guide to the jury, for the determination of the issues presented to it. Young v. Falk, 34 Conn. App. 852, 855-856
(1994); Raia v. Topehius, 165 Conn. 231, 234-236 (1973).
The parties have also argued their repective claims as to the reasonableness of fees to be paid to medical witnesses who testified on behalf of the plaintiff. General Statutes § 52-260f provides, in part, as follows:
 "When any practitioner of the healing arts as defined in section 20-1 . . . is summoned to give expert testimony in any action or proceeding, the court shall determine a reasonable fee to be paid to the practitioner of the healing arts . . . and taxed as part of the costs in lieu of all witness fees payable to the practitioner of the healing arts. . . ." See generally, Brown v. Scheinbaum, 4 Conn. L. Rptr. 210 (1991) (Lewis, J.).
Dr. Richards, who holds an MD and a DMD degree, testified for CT Page 1915 five hours and, including one hour for travel, expended six hours and submitted a bill in the amount of $1400, which the court finds to be fair and reasonable. Dr. Ieronimo, the plaintiff's dentist, testified he expended five hours and submitted a bill in the amount of $900 which the court finds to be fair and reasonable.
Accordingly, the motion to set aside the verdict and for a remittitur is denied but final judgment shall not enter until the completion of the scheduled collateral source hearing. See Jonesv. Parzych, 37 Conn. App. 784 (1995).
Rush, J.