[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR JUDGMENT ON THE VERDICT
Before the court is the defendant's motion for judgment on the verdict. Because the defendant must prevail on its Second Special Defense its motion is granted. In this action, the plaintiff, John Wilkins, sought to recover for personal injuries sustained in a motor vehicle accident pursuant to the underinsured motorist provision of his insurance policy with the defendant, Allstate Insurance Co. Wilkins alleges that he was injured in a motor vehicle collision when his automobile was CT Page 1249 struck by a motor vehicle driven by Alice Curgio. Wilkins settled his claim against the Progressive Insurance Company which insured Curgio for $20,000, the full value of Curgio's automobile liability insurance policy. Wilkins then sued to recover the underinsured motorist indemnity from his insurance contract with Allstate. The defendant pled in its Second Defense that it is entitled to a reduction in any award of damages on behalf of the legally responsible tortfeasor. Without objection, the court submitted the issues to the jury using only a plaintiff's verdict form.
The jury returned a verdict in favor of Wilkins and awarded him $1,684.60 in economic damages and $15,000.00 in non-economic damages. Prior to the verdict, the parties stipulated that the $20,000 was paid to Wilkins pursuant to Curgio's liability policy, and that the $20,000 exhausted all insurance coverage available under that policy.
The defendant now contends that it is entitled to a credit of $20,000 against the $16,684.60 awarded Wilkins and that the court should enter judgment on the verdict in favor of Allstate.
"[T]he clear and unequivocal language of General Statutes § 52-225a . . . requires the trial court to receive collateral source evidence after the verdict but before entering judgement." Jones v. Parzych, 37 Conn. App. 784, 787,657 A.2d 721 (1995). General Statutes § 52-225a (b) provides, "[u]pon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment."
One other Connecticut court has considered this issue on remarkably similar facts. In Doran v. Allstate Insurance, Superior Court, judicial district of Waterbury, Docket No. 114119 (Dec. 6, 1995, McDonald, J., 15 Conn. L. Rptr. 498), the plaintiff sued the defendant pursuant to the underinsured motorist provision in his insurance contract. Prior to trial, he had received $20,000 from the tortfeasor's insurance company, which exhausted all insurance coverage under that policy. The plaintiff also received $3,910.86 in the form of no-fault benefits. The jury awarded the plaintiff $10,000. The court then applied the $23,910.86 offset to $10,000 jury award, and held CT Page 1250 that the plaintiff had not prevailed because he did not successfully prosecute his claim that he was entitled to damages pursuant to the underinsured provisions of his policy. This court agrees with the Doran court's reasoning.
Applying the $20,000 insurance payment that Wilkins received prior to trial as a credit against the $16,684.60 jury award means that the plaintiff takes nothing as a result of the verdict, and that the defendant, Allstate, not Wilkins, has prevailed in this action. Judgment is entered upon the plaintiff's complaint and the defendant's Second Special defense for the defendant Allstate.
FLYNN, J.