[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR EXTENSION OF TIME NUNC PRO TUNC TO FILE ITS MOTION TO REDUCE VERDICT DUE TO COLLATERAL SOURCE PAYMENTS
The defendant has filed a "motion for extension of time nunc pro tunc" to file a motion to reduce the verdict due to collateral source payments. Section 16-35 of the Practice Book reads as follows:
 Sec. 16-35. Motions After Verdict: Motions in Arrest of Judgment, to Set Aside Verdict, for Additur or Remittitur, for New Trial, or for Collateral Source Reduction. Motions in arrest of judgment, whether for extrinsic causes or causes apparent on the record, motions to set aside a verdict, motions for remittitur, motions for additur, motions for new trials, unless brought by petition served on the adverse party or parties, and motions pursuant to General Statutes § 52-225a for reduction of the verdict due to collateral source payments must be filed with the clerk within ten days after the day the verdict is accepted; provided that for good cause the judicial authority may extend this time. The clerk shall notify the trial judge of such filing. Such motions shall state the specific grounds upon which counsel relies.
The plaintiff has objected to the defendant's motion claiming that the time for filing a P.B. § 16-35 motion has passed and the court has no power to now extend — the time for filing a motion to reduce the verdict due to collateral source payments.
On June 5, 1998, a jury verdict was returned and accepted by CT Page 8939 the court, the plaintiff's motion to set aside the verdict was filed June 10, 1998. The defendant did not file her motion for extension of time to file a motion to reduce the verdict by collateral source payments until June 24, 1998. The relevant language of P.B. § 16-35 states that such motions "must be filed within ten days after the day the verdict is accepted; provided that for good cause the court may extend this time."
In a case cited by the plaintiff, a motion to set aside the verdict pursuant to P.B. § 320 was filed five days beyond the then five day time limit within which to file such motions. The court held that P.B. § 320, the predecessor to P.B. § 16-35, "must be strictly enforced and . . . an extension of time can only be granted when a motion for extension has been timely filed before the expiration of the five day period." Kelly, et al. vConnelly, et al., 1992 W.L. 24337 (Conn.Super., 1992). The court cited several cases that support its position, Goral v.Kenney, 26 Conn. App. 231, 234 (1991); Small v. South NorwalkSavings Bank, 205 Conn. 751, 758 (1988); Aubrey v. Meriden,121 Conn. 361, 365 (1936).[1]
In Goral the court, in holding that the motion to set aside the verdict was untimely, said, interestingly enough: "No motion to extend the time for filing the defendant's post trial motions was timely filed nor was there any claim of good cause for such failure." 205 Conn. at page 758; cf. similar language in Aubreyv. Meriden at 121 Conn. page 365. This language presupposes a motion for extension must be timely filed — the only possible meaning of that would be that such a motion had to be filed within the five day time period of P.B. § 320 now extended to ten days in P.B. § 16-35. But it also suggests that for good cause
the court can consider granting a motion for extension of time filed after the five or now ten day time period. However, this latter inference is seemingly contradicted by the court's quotation from Aubrey v. Meriden, supra, made right after the above quoted language.
 As we said in Brown v. Congdon, 50 Conn. 302, 311 (1882), with reference to a motion in arrest of judgment "the limitation, although the time is short, is found by experience to be on the whole in the interest of the public. We are no more at liberty to disregard it on account of the hardship of a particular case than we do to disregard an ordinary statute of limitations for a similar reason." CT Page 8940
205 Conn. at page 758.
All of this could mean that a motion for extension of time to file a P.B. § 16-35 motion must be filed within the prescribed ten day period and a court has no discretion to grant an extension filed after the ten day period has expired or it could mean that such a motion could be entertained where "good cause" existed for the late filing.[2] But even if the later view is accepted, the "good cause" standard must be stricter and pitched at a much higher standard than the considerations a court would take into account when deciding whether to grant a motion for extension properly filed within the ten day period. In other words, "good cause" in the context of a motion for extension, filed after the ten day period, has to involve a scenario, for example, where the lawyer could not file the motion because of serious illness, closure of the court due to an unexpected emergency, et cetera. None of that is claimed here; here the reason for the motion for extension nunc pro tunc is the pressure of preparing for legal issues raised by other motions filed in this case. A motion for extension of time is a simple request which does not require the expenditure of much resources in terms of preparation. To characterize the reasons offered here as "good cause" for the court to take the extraordinary step of granting the motion for extension nunc pro tunc would render the time requirements of P.B. § 16-35 pointless even assuming the court had the discretion to so act. The court will discuss later the important policy reasons why the motion for collateral source payments was added to P.B. § 16-35 with its time requirements.
But even if the plain language of P.B. § 16-35 would otherwise preclude the court from acting favorably on her motion the defendant argues statutory policy requires that her motion be granted. The defendant argues that P.B. § 16-35 is a "procedural rule" that cannot controvert the statutory mandate of § 52-225 (a) of the General Statutes. It is true as the court has noted that cases like Aubrey v. Meriden, supra; Goral v.Kenney, supra; Kelly, et al. v. Connelly, et al., supra; andSmall v. South Norwalk Savings Bank, supra, all concern motions to set aside the verdict and do not pertain to collateral source hearings. It is suggested that the statutory language of § 52-228 (b) is such that it requires a strict interpretation of P.B. § 16-35 as to motions to set aside verdicts but the collateral source language in § 52-225 (a) in fact directly contradicts the language of § 16-35 so the statute must CT Page 8941 prevail over the practice book rule.
Thus, § 52-228 (b) provides "[n]o verdict in any civil action . . . may be set aside except on written motion by a party to the action . . . filed and heard after notice to the adverse party according to the rules of court." (Emphasis added)
In contract, § 52-225 (a) states that: "Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as to the date the court enters judgment." The defendant styles this language as a direct contradiction of § 16-35 which requires that a party request a hearing on collateral sources within ten days — "According to statute, judgment cannot enter without the collateral source hearing; according to the practice book, a request for hearing must be made." (July 13 brief, page 4).
The defendant goes on to argue that § 52-225 (a) does not place the onus on the parties to request a hearing on collateral sources but the practice book does. The statute says "the court shall receive evidence" indicating in a mandatory way that the defendant is entitled to such a hearing apart from any practice book rule. There are circumstances, according to the defendant, where the language of § 16-35 and the statute would be contradictory — the Practice Book section refers to circumstances where the collateral source hearing has not taken place although the verdict has been accepted. The statute contemplates that such a hearing would have already been held.
The defendant goes on to cite Smith v. Otis, 33 Conn. App. 99
(1993), which the defendant claims is "dispositive" on the issue as to whether a final judgment exists after the trial court has denied a motion to set aside the verdict but before it has heard evidence of collateral source payments. There the verdict .was entered August 5, 1993 and a motion to set aside the verdict was denied on August 20, 1993 when the court also ordered a hearing on collateral source payments made to plaintiff. The defendant never filed a motion requesting such a hearing but, prior to the hearing date, the plaintiff filed an appeal. The defendant moved to dismiss on the basis that the judgment was not final without a collateral source hearing. The appeal was dismissed because the court concluded that final judgment does not enter until the CT Page 8942 collateral source payment issue has been decided. Thus, the defendant argues here "judgment is not final and section 52-225
(a) requires the court shall take evidence on collateral source payments before such judgments shall enter." (Page 5 of July 13 brief).
Exactly. Smith v. Otis, was decided in 1993 and P.B. § 320 was amended in 1996 to obviate the difficulties presented by that case. The court can certainly do no better than to quote from the Moller and Horton commentary to P.B. § 320 (now § 16-35) as to why the motion for collateral source reduction was added to the rule. At page 289 of the 1998 Revised Supplement, the following is noted:
 (2) A motion for collateral source reduction pursuant to Gen. Stat., § 52-225a is added to this rule. This change is made to remedy an appellate problem that cannot be cured by appellate rule. Gen. Stat. § 52-225a(b) and recent decisions of the Appellate Court provide that in cases where collateral source reduction is at issue and a collateral source hearing has not been held as of the date that judgment would enter as a matter of course, judgment cannot enter until the collateral source issues have been decided. Jones v. Parzych, 37 Conn. App. 784, 787 (1995); Smith v. Otis Elevator Co., 33 Conn. App. 99 (1993). The problem arises because there is currently no time limit for raising collateral source issues, even if there is no indication that such issues will be raised, any appeal that is pending from judgment is subject to dismissal. Jones v. Parzych, supra. Also, if there is no time limit for the filing of a collateral source reduction motion and judgment enters as a matter of course in a civil jury case without any collateral source issue being raised, the possibility exists that a collateral source motion will be filed after the twenty day appeal period has expired. In such a case, even though it would appear that judgment entered, the judgment would be invalid under Gen. Stat. § 52-225a (b) and Smith v. Otis Elevator, supra, and under Sec. 4009, the appeal period would have expired before judgment entered.
 This amendment seeks to remedy the uncertainty about when a judgment that is valid under Gen. Stat. § 52-225a has entered by requiring that the collateral source reduction issue be raised by motion within the time set for filing a motion to set aside the verdict. This time frame was chosen CT Page 8943 because it meshes well with the provisions of Sec. 4009.
There is no insuperable conflict between the goals of § 52-225 (a) and the requirements of procedural rules which determine how rights are to be properly and timely asserted. There are many instances where statutes and even constitutional provisions use mandatory language but there never has been any question that the assertion of rights or policies advanced in that language must comply with practice book requirements. For example, § 52-572(b)(c) sets forth an important legislative policy regarding comparative negligence and the amount of money a party shall be liable for to a claimant — the party is responsible for his or her proportionate share of damages. But no one would suggest that this language does away with the obligation to plead comparative negligence as a special defense according to our ordinary rules of practice. Kennedy v. FirstNational Supermarket, Inc., 1994 W.L. 260, 703 (Conn.Super.). Also, pursuant to P.B. § 41-15, although a judge has discretion to entertain a motion to suppress at any time, in the ordinary course, such motions shall be made before trial and the judge is at least given the discretion not to entertain a late motion raising claims even of violation of state and federal constitutional rights.
As Moller and Horton note, there were good policy reasons to apply the time requirements to motions for collateral source payments and the court is not willing to find a statute practice book conflict where one need not be found.
Although this result is unfortunate and practice book rules are to be liberally interpreted so as to avoid injustice, rules are sometimes rules and this court does not have a roving commission to amend the rules of practice even if in an ideal world it would like to do so.
The motion is denied.
Corradino, J.