[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR COLLATERAL SOURCE REDUCTION
On February 22, 2001 the jury returned a plaintiff's verdict in the above action wherein it awarded the plaintiff, Sheila Josephson, $15,645 for economic damages, and $12,000 for noneconomic damages. The jury also attributed 40% of the negligence involved in causing the accident to the plaintiff. After applying the 40% reduction to the economic damages, the amount of economic damages awarded to the plaintiff is $9,387.
The defendant has moved for a reduction in the amount of economic damages under Connecticut General Statutes § 52-225a. The parties agree that the plaintiff received reimbursement from her health insurance company in the amount of $28,000. The parties also agree that the plaintiff paid $12,074.84 through November, 2000, the date of her last medical treatment in connection with injuries sustained from the accident in question, in health insurance premiums.
The defendant has argued that the plaintiff is entitled to recover no economic damages from the defendant because he calculates that the amount CT Page 11590 of collateral source reduction is higher than the amount awarded to the plaintiff, $9,387. The plaintiff has argued it was the defendant's duty to submit interrogatories to determine what portion, if any, of the economic damages awarded by the jury was attributable to the $2,170 in lost wages claimed by the plaintiff at trial, and, therefore, not reimbursed by the plaintiff's health insurer.
The court finds that the proper amount of collateral source reduction lies somewhere between the positions of the parties.
Section 52-225a of the Connecticut General Statutes provides:
 (a) In any civil action, . . . to recover damages resulting from (1) personal injury or wrongful death occurring on or after October 1, 1987, . . . and wherein liability is admitted or is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages, as defined in subdivision (1) of subsection (a) of section 52-572h, by an amount equal to the total of amounts determined to have been paid under subsection (b) of this section less the total of amounts determined to have been paid under subsection (c) of this section, except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists and (2) that amount of collateral sources equal to the reduction in the claimant's economic damages attributable to his percentage of negligence pursuant to section 52-572h.
 (b) Upon a finding of liability and an awarding of damages by the trier of fact and before the court enters judgment, the court shall receive evidence from the claimant and other appropriate persons concerning the total amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment.
 (c) The court shall receive evidence from the claimant and any other appropriate person concerning any amount which has been paid, contributed, or forfeited, as of the date the court enters judgment, by, or on behalf of, the claimant or members of his immediate family to secure his right to any collateral source benefit which he has received as a result of such injury or CT Page 11591 death.
Section 52-225b of the Connecticut General Statutes provides:
 For purposes of sections 52-225a to 52-225c, inclusive: "Collateral sources" means any payments made to the claimant, or on his behalf, by or pursuant to: (1) Any health or sickness insurance, automobile accident insurance that provides health benefits, and any other similar insurance benefits, except life insurance benefits available to the claimant, whether purchased by him or provided by others; or (2) any contract or agreement of any group, organization, partnership or corporation to provide, pay for or reimburse the costs of hospital, medical, dental or other health care services.
 "Collateral sources" do not include amounts received by a claimant as a settlement.
Section 52-572h of the Connecticut General Statutes provides:
 (a) For the purposes of this section: (1) "Economic damages" means compensation determined by the trier of fact for pecuniary losses including, but not limited to, the cost of reasonable and necessary medical care, rehabilitative services, custodial care and loss of earnings or earning capacity excluding any noneconomic damages.
The plaintiff in Jones v. Kramer, No. CV97 3440 15 S (Feb. 7, 2001),2001 Ct. Sup. 2332 (Stodolink, JTR), made an argument similar to that advanced by the plaintiff here. The plaintiff asserted that the general verdict theory should apply by analogy to preclude collateral source reduction because the defendant did not file interrogatories with the jury to explain the general verdict. The court held that:
 The statutory scheme governing collateral source credits does not place the burden of proving which claimed damages the jury considered when rendering a verdict on the person seeking the reduction. Rather, under the statutory scheme the trial court receives evidence on collateral source payments after the verdict and before entering the final judgment. Jones v. Parzych, 37 Conn. App. 784, 787, 657 A.2d 721
CT Page 11592 (1995).
2001 Ct. Sup. at 2335.
It is impossible to tell from the verdict in this case whether the jury awarded for any specific item of economic damage. Therefore, it is not proper to subtract the amount of lost wages from the amount of economic damages subject to collateral source reduction. Moreover, the statute does not authorize such subtraction. Section 52-225a, incorporating § 52-572h, defines "economic damages" as "compensation determined by the trier of fact for pecuniary losses."
The defendant argues that the amount of collateral sources to be subtracted from the economic damages here is $28,000, the total amount received by the plaintiff for injuries she claimed were caused by the negligence of the defendant. When we subtract $12,074 (the amount of health insurance premiums) per § 52-225a(c) and $6,258 (the amount attributable to plaintiff's percentage of negligence) per §52-225a(a)(2), the resulting collateral source reduction amount is $9,668, an amount higher than the total jury award to the plaintiff of $9,387. Under the defendant's argument, then, the plaintiff would receive no economic damages.
The problem with the foregoing argument is that the verdict implies that the jury did not find that all of the medical bills claimed by the plaintiff were attributable to the defendant's negligence. At trial the plaintiff presented evidence that the total amount of her medical bills was $26,130.69. Only $15,645 has been found to be related to the conduct of the defendant in any way. The amount of medical bill reimbursements received by the plaintiff over and about that amount is, by definition, not related to the defendant in any way. Why then, should the defendant receive the benefit of a collateral source reduction for such excess reimbursements? The confusion lies in the wording of the statute Section52-225a(b) refers to "amount of collateral sources which have been paid for the benefit of the claimant as of the date the court enters judgment." Section 52-225b states that "`Collateral sources' means any payments made to the claimant." But the statutes don't specifically state that the payments referred to are payments made to reimburse the claimant for injuries arising from the negligence of the defendant. However, the foregoing must be implied. Otherwise, defendants could claim that any medical bill reimbursement the plaintiff ever received at any time prior to the lawsuit could be considered a collateral source payment. Clearly, no defendant would reasonably argue for such a definition of collateral source.
This court believes that the maximum amount of collateral source CT Page 11593 payments subject to deduction from economic damages is the total amount of economic damages awarded, in this case, $15,645. The parties have agreed that the plaintiff has paid $12,074. in health insurance premiums for the period in question. She has received $28,000 in health insurance benefits. She has been awarded economic damages which comprise approximately 56% of the $28,000. Therefore, she should get a credit for 56% of the health insurance premiums she paid, or, $6,761. Under §52-225a(a)(2) the plaintiff also receives credit for the amount of total economic damages which she does not recover due to her percentage of negligence, $6,258. When those amounts are subtracted from the $15,645 in total collateral source payments, the resulting amount of the collateral source reduction is $2,626. That amount must be deducted from the total amount of recoverable economic damages for a total amount due to the plaintiff of $6,761 in economic damages. After applying the 40% reduction to the non-economic damages, $7,200 is due to the plaintiff in non-economic damages. Based on the foregoing judgment in the amount of $13,961 plus costs of $1,469.60 may enter against the defendant.
By the court,
Aurigemma, J.