[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
The plaintiffs, Margaret and Stephen Povroznik, have filed this action alleging that for a number of years they purchased home heating oil from the defendant, Rivercliff Fuel, Inc., On December 29, 1999 an employee of Rivercliff Fuel made a delivery of approximately 160 gallons of oil to the plaintiffs' home. The employee, however, pumped the oil through an abandoned oil filler cap directly into the basement. The oil damaged the basement and the plaintiff also incurred other consequential losses. The defendant, Utica National Insurance Company, is Rivercliff Fuel's liability insurance carrier. The defendants, Earth Technology, Inc. and Ambrose Associates, Inc., were hired by the carrier to clean up the oil spill and remediate other damage. The plaintiff alleges that the actions CT Page 13809 of Earth Technology and Ambrose Associates caused further damage to the property.
The complaint is in eight counts.[1] The defendant, Ambrose Associates, has moved to strike count three of the complaint.[2] In support of its motion, Ambrose Associates has filed a memorandum. The plaintiff has filed a memorandum in opposition.
Practice Book § 10-39 provides that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." "The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff . . . A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations omitted; internal quotation marks omitted.) Novametrix Medical systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "A motion to strike admits all facts well pleaded." Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997). "[A] trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). If the facts of the complaint are not legally sufficient to state a cause of action, the complaint should be stricken.Gulak v. Gulak, 30 Conn. App. 305, 620 A.2d 181 (1993).
Ambrose Associates claims that because count three is based in negligence, it is immune from liability pursuant to General Statutes § 22a-452 (b). The section provides, in part,
 No person, firm or corporation which renders assistance or advice in mitigating or attempting to mitigate the effects of an actual or threatened discharge of oil or petroleum or chemical liquids or solid, liquid or gaseous products or hazardous materials, other than a discharge of oil as defined in section 22a-457b, to the surface waters of the state, or which assists in preventing, cleaning-up or disposing of any such discharge shall be held liable, notwithstanding any other provision of law, for civil damages as a result of any act or omission by him in CT Page 13810 rendering such assistance or advice, except acts or omissions amounting to gross negligence or wilful or wanton misconduct, unless he is compensated for such assistance or advice for more than actual expenses . . . (Emphasis added.)
"In construing a statutory provision, we first look to its language, and if that language is plain and unambiguous, we need look no further for interpretive guidance because we assume that the words themselves express the intention of the legislature." Jones v. Parzych, 37 Conn. App. 784,787, 657 A.2d 721 (1995). The clear language of the statute makes the immunity sought by the defendant unavailable to someone who was compensated for more than his actual expenses. The complaint alleges that Ambrose Associates was retained to evaluate the damage caused by the spill and to clean up the property.[3] In deciding a motion to strike, the court is to take as admitted all facts well pleaded and to construe the complaint most favorably to the plaintiff. Parsons v. UnitedTechnologies Corp., supra, 243 Conn. 68.
 In addition, General Statutes § 22a-452 (c) provides, in part,
 The immunity provided in this section shall not apply to (1) any person, firm or corporation responsible for such discharge, or under a duty to mitigate the effects of such discharge, (2) any agency or instrumentality of such person, firm or corporation . . .
The plaintiff has alleged that the oil discharge was caused by Rivercliff Fuel and that Utica National Insurance Company is their liability carrier. The complaint further alleges that the defendant, Ambrose Associates, was acting as Utica National Insurance's agent.[4] Taking the facts of the complaint as admitted and construed most favorably towards the plaintiff, the complaint adequately pleads that Ambrose Associates is an agent or instrumentality of the responsible party. The plaintiff has, therefore, pleaded that Ambrose Associates was compensated for its work at the plaintiffs' home and that Ambrose Associates was an agent of the person or firm responsible for the discharge.
General Statutes § 22a-452 is Connecticut's version of the federal Comprehensive Environmental Response, Compensation and Liability Act. "The clear purpose of this provision is to encourage parties to pay for remediation by providing them with an opportunity to recoup at least some of their remediation costs from others who are also found to be responsible for the contamination. Knight v. F.L. Roberts Company, CT Page 13811241 Conn. 466, 475, 696 A.2d 1249 (1997). Since the purpose of the statute is remedial, it should be liberally construed to effectuate its purpose to ameliorate environmental corruption. Id., 474.
Count three of the complaint does state a claim upon which relief can be granted. The motion to strike is denied.
MORAN, J.