PATRICIA A. TOUGH ET AL. *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 3—decided February 10, 1970

*Richard S. Levin* and *Theodore I. Koskoff,* for the appellees (plaintiffs).

*Robert L. Trowbridge,* with whom were *James T. Healey* and *Paige J. Everin,* assistant attorney general, for the appellant (defendant).

PER CURIAM. This case came before us for hearing on two motions. The first was a motion by the defendant that this court order the trial court either

to render judgment on the verdict returned by the jury or to set that verdict aside. The second was a motion by the plaintiffs to dismiss the defendant's appeal because no final judgment has been rendered. Counsel were fully heard on the merits of both motions.

After a trial, the jury on March 14, 1968, returned a verdict for the defendant which the court accepted and ordered recorded. The jury were then discharged. The following day the plaintiffs filed a motion to set aside the verdict. The court has neither granted nor denied that motion but on October 9, 1969, purported to order a mistrial. On October 13, 1969, the defendant filed a motion that the court render judgment on the verdict returned in his favor. The court denied this motion on December 30, 1969.

As the case stands, therefore, a jury verdict was returned, accepted by the court and ordered recorded, but no judgment has ever been rendered on that verdict, nor has the court in the past twenty-two months either granted or denied the motion to set aside the verdict.

The rules of practice and procedure explicitly provide: "The court shall render judgment on all verdicts of the jury, according to their finding, with costs, unless the verdict is set aside . . . ." Practice Book § 258; see also General Statutes § 52-225. "Unless a verdict is set aside, judgment is entered as a matter of course and interest runs from the date of verdict." *Clime* v. *Gregor,* 145 Conn. 74, 76, 138 A.2d 794.

Until there is a final judgment or the court has granted the motion to set aside the verdict, there is no right of appeal. Practice Book § 600; General Statutes § 52-263; *Howarth* v. *Northcott,* 152 Conn.

460, 462, 208 A.2d 540. A judge of the Superior Court must not be permitted to hold a case in limbo and thwart appellate review by neglecting or refusing to comply with the clear mandate of § 258 of the Practice Book. The circumstances demand that this court exercise its power to order a judge to take any action necessary to complete or perfect the record for the proper presentation of an appeal. Practice Book §§ 692, 694; *State* v. *Palmieri,* 143 Conn. 569, 570, 124 A.2d 911.

The case is remanded to the Superior Court with direction that it be referred to the judge who presided at the trial, and he is directed forthwith to either grant or deny the March 15, 1968, motion to set aside the verdict and thereafter, forthwith, in accordance with the result of his decision on that motion, to order either that the verdict be set aside or that judgment be rendered on the verdict.

Because no decision has yet been rendered on the motion to set aside the verdict, the plaintiffs' motion to dismiss the defendant's appeal must be granted, and the present appeal is dismissed.