[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action on a note in the original principal sum of $57,500. Bhanu Keshwala signed the documents on behalf of herself and her husband, Lakhanshi Keshwala, at his direction and in accordance with authority given to her through a power of attorney. The defendants made no payments of principal or interest on the note. The parties agree that, if liability is found in favor of the plaintiffs, the total of principal, interest, fees and costs will be $103,785.96.
The only issue in dispute is the validity of the defendants' first special defense, which alleges a lack of consideration. On this issue, the court finds that the plaintiffs sold a motel in Monticello, New York, to Bipin Bajania, Rajan R. Bajania and Valiben Keshwala, the last of whom is the sister-in-law of the CT Page 3302 defendants. Those three owed the plaintiffs the sum of $115,000 as a result of that transaction. The plaintiffs made demands upon the three debtors for payment and also made a demand upon Lakhanshi Keshwala, who was understood to have an interest in the motel and to be active in its management. Testimony at trial revealed a dispute over the extent of Mr. Keshwala's involvement, but the court finds that he did have an active interest in the success of the hotel.
The plaintiffs sought additional security to induce them to forego suing to collect on their outstanding debt. It was at that time that the defendants executed the subject mortgage note and deed for what was then half of the outstanding debt. During 1989, Bipin Bajania, Rajan R. Bajania and Valiben Keshwala also executed and delivered to the plaintiffs a mortgage note for the full amount of the debt in lieu of immediate payment.
There is a presumption that every negotiable instrument has been issued for a valuable consideration and that every party whose signature appears on the instrument has become a party for value. Molk v. Micklewright, 159 Conn. 606 (1964). One who asserts a lack of consideration must prove it by a preponderance of the evidence. Tayler v. Hamden Hall School, Inc., 149 Conn. 545
(1962). Consideration is "a benefit to a party promising or a loss or detriment to a party to whom a promise is made." StateNational Bank of Connecticut v. Dick, 164 Conn. 523 (1990). Either the relationship between Lakhanshi and Bhanu Keshwala, on the one hand, and Valiben Keshwala, on the other, or Lakhanshi Keshwala's interest in the success of the hotel enterprise that gave rise to the original debt to the Patels would be a sufficient basis for this court to conclude that the defendants received a benefit as a result of their promise to pay the plaintiffs in accordance with the terms of the note. The two combined clearly constitute consideration. The benefit derived by the defendants was the plaintiffs' forbearance of their right to sue under the original note.
Forbearance of one's rights or interests may be consideration for a promise to pay. Iseli Co. v. Connecticut Light Power Co.,211 Conn. 133 (1989). An agreement to forbear to sue may be consideration for a written promise for a third person to pay the debt of another and thus may be the basis of a valid contract.Hoffman v. DeFelice, 136 Conn. 187 (1949).
In summary, the parties have stipulated that the defendants CT Page 3303 executed a promissory note in favor of the plaintiffs, that no payments were ever made and that the amount due was $103,785.96. The defendants have failed to establish by a fair preponderance of the evidence that the plaintiffs' promise to forbear from bringing a lawsuit against three individuals, one of whom was the plaintiff's sister-in-law, in connection with funds loaned to them for the purchase and operation of a hotel in whose operation the named defendant had an interest, did not constitute consideration for the defendants' promise to pay. Judgment will therefore enter in favor of the plaintiffs in the total amount of $103,785.96, including principal sum, interest, fees and costs.
Jonathan E. Silbert, Judge