******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.* NORMAN HAUGHEY
## (AC 47637)

Alvord, Elgo and Keller, Js.

*Syllabus*

The defendant, who previously had been convicted of the crimes of murder, felony murder and capital felony, appealed from the trial court's dismissal of his motion for sentence modification. The defendant claimed that the court erred in determining that his sentence of life imprisonment without the possibility of release was a mandatory minimum sentence that the court was precluded from modifying pursuant to statute (§ 53a-39 (d)). *Held*:

The trial court correctly determined that § 53a-39 (d) precluded the modification of the defendant's sentence, as a definite sentence of life imprisonment without the possibility of release required to be imposed pursuant to the capital felony statute (§ 53a-35a (1) (A)) operated as a mandatory minimum sentence, despite the absence of the phrases "mandatory minimum" or "may not be suspended or reduced," and § 53a-39 (a) did not offer any express terms or criteria that would have allowed the court to modify that sentence.

The trial court improperly dismissed the defendant's motion for sentence modification on the ground that it lacked subject matter jurisdiction, as the limitation set forth in § 53a-39 (d) operated to limit the court's authority to modify the defendant's sentence but did not affect the court's subject matter jurisdiction, and, accordingly, the court should have denied the motion.

Argued September 3—officially released October 14, 2025

*Procedural History*

Substitute information charging the defendant with two counts each of the crimes of murder and felony murder, and with one count of the crime of capital felony, brought to the Superior Court in the judicial district of New Haven and tried to the jury before *Thompson, J.*; verdict and judgment of guilty; thereafter, the court, *P. Brown, J.*, dismissed the defendant's motion for sentence modification, and the defendant appealed to this court. *Improper form of judgment*; *reversed*; *judgment directed*.

*Michael W. Brown*, assigned counsel, for the appellant (defendant).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, was *John P. Doyle, Jr.*, state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Norman Haughey, appeals from the judgment of the trial court dismissing his motion for modification of his sentence pursuant to General Statutes § 53a-39 (a). On appeal, the defendant claims that the court erred in its determination that his definite sentence of life imprisonment without the possibility of release imposed a mandatory minimum sentence that was precluded from modification under § 53a-39 (d). Although we agree with the trial court that § 53a-39 (d) precludes modification of the defendant's sentence, we conclude that the trial court improperly determined that it lacked jurisdiction. Therefore, the form of the judgment is improper, as the court should have denied, rather than dismissed, the motion. Accordingly, we reverse the judgment dismissing the defendant's motion for modification of his sentence and remand the case with direction to deny the motion.

The following facts underlying the defendant's conviction, as set forth by this court in his direct appeal, are relevant to our resolution of this appeal. "Sometime in the late evening of December 1, 2003, the defendant visited the home of the victims, Donna Sosa and Mary Tomasi, located on Albert Street in Hamden. The defendant was personally familiar with the victims, as his grandmother, with whom he occasionally shared a residence, lived on Green Hill Road, which abutted the victims' property. Intent on acquiring money to support his crack cocaine addiction, the defendant gained access to the victims' home and shortly thereafter attacked Sosa in the kitchen, stabbing her repeatedly in the face, neck and right shoulder. The defendant then proceeded upstairs armed with a ten pound dumbbell

retrieved from the living room floor, where he found Tomasi sleeping in her bedroom. After striking Tomasi in the face with the dumbbell, fracturing her skull, the defendant searched through her purse, stealing cash and several blank checks, which he later forged in an attempt to acquire additional funds. Sosa and Tomasi died from these attacks.

"The defendant subsequently was arrested and charged with two counts of murder in violation of [General Statutes] § 53a-54a (a), two counts of felony murder (burglary) in violation of [General Statutes] § 53a-54c and one count of capital felony in violation of [General Statutes (Rev. to 2003)] § 53a-54b (7).[1] A jury trial followed and the defendant was convicted on all counts. At sentencing, the court merged the conviction of the murder and felony murder charges with the capital felony conviction, imposing a term of life imprisonment without the possibility of release." (Footnote added.) *State* v. *Haughey*, 124 Conn. App. 58, 60–61, 3 A.3d 980, cert. denied, 299 Conn. 912, 10 A.3d 529 (2010).

On December 26, 2023, the defendant filed a motion for modification of his sentence, asking the court to modify his sentence of life imprisonment without the possibility of release. The court, *P. Brown, J.*, held a hearing on the motion on March 15, 2024. Before presenting his argument on the merits of the motion, defense counsel raised a threshold issue of whether the defendant's sentence is eligible for modification. As to this issue, counsel argued that the phrases "mandatory

---

[1] All references in this opinion to § 53a-54b are to the 2003 revision of the statute. "Section 53a-54b was amended by No. 12-5, § 1, of the 2012 Public Acts to substitute 'murder with special circumstances' for 'capital felony.' " *State* v. *McCleese*, 333 Conn. 378, 425 n.25, 215 A.3d 1154 (2019). We refer to the crime proscribed by § 53a-54b as "capital felony" because that was the language used in the statute until its amendment in 2012 and that is the nomenclature employed by the parties and the trial court in this case.

minimum" and "sentences that may not be suspended or reduced" are "terms of art" and that, because the statutes under which the defendant was convicted and sentenced do not specifically contain that language, § 53a-39 (d) does not render the defendant's sentence ineligible for modification.

On April 3, 2024, the court issued a memorandum of decision in which it stated that, although "the defendant is correct that [General Statutes] § 53a-35a (1) (A) does not expressly provide that the sentence imposed is a 'mandatory minimum' or 'may not be suspended or reduced,' the defendant cites no case holding that these phrases must be used by the legislature in order to impose a mandatory minimum sentence." The court determined that the defendant's sentence of life imprisonment without the possibility of release constitutes a mandatory minimum sentence and, thus, § 53a-39 (d) precludes modification. Therefore, the court concluded that it lacked jurisdiction over the motion and dismissed it. This appeal followed.

The defendant's claim on appeal requires our interpretation of § 53a-39 (d). "The interpretation of a statute, as well as its applicability to a given set of facts and circumstances, presents a question of law over which our review is plenary. . . . In construing [§ 53a-39 (d)], our fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning . . . [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous

and does not yield absurd or unworkable results, extra-textual evidence of the meaning of the statute shall not be considered." (Citation omitted; internal quotation marks omitted.) *State* v. *Webber*, 225 Conn. App. 16, 29–30, 315 A.3d 320, cert. denied, 349 Conn. 915, 315 A.3d 301 (2024).

In accordance with § 1-2z, we begin our analysis with the text of the relevant statutes. Section 53a-39 (a) provides: "Except as provided in subsection (b) of this section, at any time during an executed period of incarceration, the sentencing court or judge may, after hearing and for good cause shown, reduce the sentence, order the defendant discharged, or order the defendant discharged on probation or conditional discharge for a period not to exceed that to which the defendant could have been originally sentenced." Subsection (d) of the statute limits its applicability by providing that "[t]he provisions of this section shall not apply to any portion of a sentence imposed that is a mandatory minimum sentence for an offense which may not be suspended or reduced by the court." General Statutes § 53a-39 (d).

Also relevant to our analysis are the statutes under which the defendant was convicted and sentenced. The defendant was convicted of capital felony under § 53a-54b, which, at the time of the offense, provided in relevant part: "A person is guilty of a capital felony who is convicted of any of the following . . . (7) murder of two or more persons at the same time or in the course of a single transaction . . . ." General Statutes (Rev. to 2003) § 53a-54b (7). Accordingly, he was sentenced under the capital felony statute—§ 53a-35a—which provides in relevant part that, "[f]or any felony committed on or after July 1, 1981, the sentence of imprisonment shall be a definite sentence and, unless the section of the general statutes that defines or provides the penalty for the crime specifically provides otherwise, the term shall be fixed by the court as follows: (1) (A) For a

capital felony committed prior to April 25, 2012, under the provisions of section 53a-54b in effect prior to April 25, 2012, a term of life imprisonment without the possibility of release unless a sentence of death is imposed in accordance with section 53a-46a . . . ."

On appeal, the defendant claims that § 53a-39 (d) does not apply to his sentence because the text of the sentencing statute, § 53a-35a (1) (A), specifically, "life imprisonment without the possibility of release," does not expressly include the phrase "mandatory minimum" or "may not be suspended or reduced." (Emphasis omitted.) The state counters that "[t]he pertinent statutes plainly and unambiguously establish that, for a capital felony conviction, a sentence of life imprisonment without the possibility of release is a mandatory, nonsuspendable sentence for purposes of [§] 53a-39 (d)."[2] We agree with the state.

The defendant contends that "[t]he terms used to signify mandatory minimum sentences are *mandatory minimum* and *may not be suspended or reduced*" and that, "[a]bsent this specific terminology in any part of a statute setting forth a crime or category of offense, § 53a-39 (d) does not preclude modification." (Emphasis in original.) We note, however, that § 53a-35a provides in relevant part that "the sentence of imprisonment shall be a definite sentence" of "a term of life imprisonment without the possibility of release . . . ." This language already requires a court to impose a sentence of no less than life imprisonment without the possibility of release and, thus, operates as a mandatory

---

[2] The state also argues that, because the sentence is a mandatory minimum and, thus, cannot be modified, the trial court lacks jurisdiction over the motion. Alternatively, however, the state argues that, if the court improperly determined that it lacked jurisdiction, "it only erred in the form of its judgment, and it should have denied, rather than dismissed, the [motion]." We agree with the state's alternative argument.

minimum sentence. To require that "mandatory minimum" or "may not be suspended or reduced" be included in the text to reflect a mandatory minimum sentence would be requiring superfluous language in a statute. See, e.g., *State* v. *Webber*, supra, 225 Conn. App. 31 ("statutes must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant" (internal quotation marks omitted)).

This interpretation finds support in the decisions of our appellate courts that have recognized that sentences imposed under statutes devoid of the specific terminology cited by the defendant still constitute a mandatory minimum. See, e.g., *State* v. *Lopez*, 197 Conn. 337, 354–55 and n.10, 497 A.2d 390 (1985) (where sentencing statute for murder provided for "a term [of incarceration] not less than twenty-five years nor more than life," court found that, under "§ 53a-35a, murder is defined as a class A felony requiring a mandatory minimum sentence of twenty-five years [of] imprisonment" (internal quotation marks omitted)). This refutes the defendant's claim that a statute must contain the term "mandatory minimum" to be considered a mandatory minimum sentence.

Although prior decisions do not specifically address § 53a-35a (1) (A), the statute under which the defendant was sentenced, our courts' interpretation of § 53a-35a (1) (B), murder with special circumstances, presents a comparable example. See, e.g., *State* v. *Silva*, 339 Conn. 598, 601, 262 A.3d 113 (2021) (identifying sentence of life imprisonment without possibility of release provided by § 53a-35a (1) (B) as mandatory sentence). The phrase "mandatory sentence," like that identified in *State* v. *Silva*, supra, 601, operates as a mandatory minimum, as it prohibits the imposition of anything other than what the statute prescribes, including a lesser sentence.

Section 53a-35a (1) (B) derives from the same subsection of the same statute and includes the same sentencing term—"life imprisonment without the possibility of release"—as § 53a-35a (1) (A). We are guided by our Supreme Court's recognition that § 53a-35a (1) (B) imposes a mandatory sentence in concluding that § 53a-35a (1) (A) imposes a mandatory sentence that constitutes a mandatory minimum as described in § 53a-39 (d).

The defendant, however, seeks to distinguish his sentence, which he refers to as an "authorized sentence," from a "mandatory minimum" sentence to argue that § 53a-39 allows courts "to impose a sentence other than an 'authorized sentence' as long as it does so within the other specifications of the sentence modification statute." The defendant notes that "the legislature always maintains the power to make a life [sentence] without the possibility of release something less than a natural life sentence, and that is what the legislature has done with . . . § 53a-39." In support of his argument, the defendant relies on General Statutes § 54-125a (g), which provides in part that a person convicted of one or more crimes committed while under the age of twenty-one who received a definite sentence of more than fifty years may become eligible for parole after serving thirty years. Although the defendant concedes that this statute does not apply to him, he maintains that, by implication, a definite sentence of life imprisonment without the possibility of release may be modified under exceptions and that § 53a-39 (a) offers such an exception.

Under our state's law, "[t]he judiciary may impose a specific sentence, but the legislature has the power to define crimes, prescribe punishments for crimes, [and] impose mandatory minimum terms of imprisonment for certain crimes . . . ." *State* v. *McCleese*, 333 Conn. 378, 416, 215 A.3d 1154 (2019); see also *State* v. *Darden*, 171

Conn. 677, 679–80, 372 A.2d 99 (1976) ("the constitution assigns to the legislature the power to enact laws defining crimes and fixing the degree and method of punishment and to the judiciary the power to try offenses under these laws and impose punishment within the limits and according to the methods therein provided"). "A trial court's power to impose a particular sentence is defined by statute, and the constitution does not require that the judiciary be given discretion in sentencing." *State* v. *Lopez*, supra, 197 Conn. 353. Section 53a-35a (1) (A) requires the court to impose a definite sentence of life imprisonment without the possibility of release. The trial court does not have the authority to modify this sentence in the absence of an exception provided by the legislature.

Unlike § 54a-125a (g), which expressly defines the exception to a definite sentence by stating eligibility criteria and the extent to which a sentence may be reduced, § 53a-39 (a) does not offer any express terms or criteria that would allow a court to modify a definite sentence of life imprisonment without the possibility of release. Moreover, subsection (d) of § 53a-39 explicitly restricts the court from modifying mandatory minimum sentences. If the legislature intended to create an exception for a sentence associated with the most serious crimes, while also precluding modification of all other mandatory minimums, it would have done so explicitly. See, e.g., *State* v. *Barnes*, 227 Conn. App. 760, 766, 323 A.3d 1166 ("[i]t is the duty of the court to interpret statutes as they are written . . . and not by construction read into statutes provisions which are not clearly stated" (internal quotation marks omitted)), cert. denied, 350 Conn. 922, 325 A.3d 1093 (2024). For all of these reasons, we conclude that the trial court correctly determined that § 53a-39 (d) precludes modification of the defendant's sentence.

We disagree, however, with the court's determination that it lacked subject matter jurisdiction and conclude that it improperly dismissed, when it should have denied, the defendant's motion for sentence modification. "Our Supreme Court has recognized the distinction between a trial court's jurisdiction and its authority to act under a particular statute. Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Once it is determined that a tribunal has authority or competence to decide the class of cases to which the action belongs, the issue of subject matter jurisdiction is resolved in favor of entertaining the action. . . . Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute." (Internal quotation marks omitted.) Id., 769.

"Our courts consistently have held that under the common law a trial court has the discretionary power to modify or vacate a criminal judgment before the sentence has been executed. . . . [But] the court loses jurisdiction over the case when the defendant is committed to the custody of the [C]ommissioner of [C]orrection and begins serving the sentence. . . . After this occurs, the trial court has jurisdiction to modify or vacate the criminal judgment if the legislature or the state constitution grants continuing jurisdiction." (Citation omitted; internal quotation marks omitted.) *State* v. *Ward*, 341 Conn. 142, 149, 266 A.3d 807 (2021). "[T]he legislature has granted criminal courts continuing statutory authority to make changes to a duly imposed sentence in two ways. First, the legislature has authorized

the courts to conduct sentence review pursuant to General Statutes § 51-196. Second, a criminal defendant may seek sentence modification of or discharge from his sentence pursuant to § 53a-39." (Internal quotation marks omitted.) *State* v. *Barnes*, supra, 227 Conn. App. 770.

As this court held in *Barnes*, "[t]hrough the enactment of § 53a-39, the legislature has determined that a court has competence to entertain sentence modifications and, thus, has conferred upon the court jurisdiction to modify a sentence." Id. Therefore, the statutory limitation set forth in § 53a-39 (d) that "[t]he provisions of this section shall not apply to any portion of a sentence imposed that is a mandatory minimum sentence for an offense which may not be suspended or reduced by the court" limits the court's authority and not its subject matter jurisdiction. See *State* v. *Barnes*, supra, 227 Conn. App. 770 (where defendant had been released on special parole, court had subject matter jurisdiction over motion to modify sentence but lacked authority to afford defendant relief). In the present case, because the defendant is serving a mandatory minimum sentence, which the court does not have the authority to modify as provided by § 53a-39 (d), the court should have denied the motion, not dismissed it.

The form of the judgment is improper, the judgment is reversed and the case is remanded with direction to render judgment denying the defendant's motion for sentence modification.