******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## NORMAN HAUGHEY *v.* COMMISSIONER
## OF CORRECTION
### (AC 47426)

Alvord, Elgo and Keller, Js.

*Syllabus*

The petitioner, who previously had been convicted of, inter alia, murder, appealed following the denial of his petition for certification to appeal from the habeas court's judgment denying his petition for a writ of habeas corpus. After the habeas trial, but prior to the issuance of the court's memorandum of decision, the petitioner filed a motion to dismiss counsel and to appoint new counsel, alleging that his habeas counsel in the present action rendered ineffective assistance. After the court issued its decision on the habeas petition, a different judge denied the petitioner's motion to dismiss counsel and to appoint new counsel as moot. On appeal, the petitioner claimed, inter alia, that the court abused its discretion when it denied his petition for certification to appeal. *Held*:

The habeas court abused its discretion in denying the petition for certification to appeal, as the petitioner demonstrated that the issues raised were debatable among jurists of reason, that a court could resolve them in a different manner, or that the questions were adequate to deserve encouragement to proceed further.

The habeas court improperly determined that the petitioner's motion to dismiss counsel and to appoint new counsel was moot because a decision had been rendered on the merits of the habeas petition, as the petitioner could have obtained practical relief and, therefore, further proceedings were necessary.

Argued September 3—officially released December 9, 2025

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Newson, J.*; judgment denying the petition; thereafter, the court, *Wagner, J.*, denied the petitioner's motion to dismiss counsel and to appoint new counsel; subsequently, the court, *Newson, J.*, denied the petition for certification to appeal, and the petitioner appealed to this court. *Order reversed*; *further proceedings*.

*Michael W. Brown*, for the appellant (petitioner).

*Timothy F. Costello*, supervisory assistant state's attorney, with whom, on the brief, were *John P. Doyle, Jr.*, state's attorney, and *Craig P. Nowak*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

KELLER, J. The petitioner, Norman Haughey, appeals from the judgment of the habeas court denying his petition for certification to appeal and denying his petition for a writ of habeas corpus. He claims that the habeas court (1) abused its discretion when it denied his petition for certification to appeal, and (2) erred by rendering judgment on the petition before hearing and resolving the petitioner's motion to dismiss counsel and to appoint new counsel (motion to dismiss counsel). We conclude that the habeas court abused its discretion when it denied the petition for certification to appeal and remand this case to the habeas court for the purpose of conducting a hearing on the merits of the petitioner's motion to dismiss counsel.

The following facts and procedural history are relevant to this appeal. In 2007, the petitioner was convicted, after a jury trial, of robbing and murdering two women in order to support his drug habit. See *State* v. *Haughey*, 235 Conn. App. 758, 760–61,     A.3d (2025). Specifically, the jury found the petitioner guilty of two counts of murder in violation of General Statutes § 53a-54a (a), two counts of felony murder in violation of General Statutes § 53a-54c, and one count of capital felony in violation of General Statutes (Rev. to 2003) § 53a-54b (7). Id., 760–61. Thereafter, the criminal trial court, *Thompson, J.*, sentenced the petitioner to life imprisonment without the possibility of release.[1] Id.,

---

[1] At sentencing, the trial court merged the murder and felony murder convictions with the capital felony conviction. See *State* v. *Haughey*, 124 Conn. App. 58, 61, 3 A.3d 980, cert. denied, 299 Conn. 912, 10 A.3d 529 (2010).

761. On direct appeal, this court affirmed the petitioner's conviction. See *State* v. *Haughey*, 124 Conn. App. 58, 59–60, 3 A.3d 980, cert. denied, 299 Conn. 912, 10 A.3d 529 (2010).

On August 10, 2015, the petitioner filed his second petition for a writ of habeas corpus, which he subsequently amended on January 30, 2023.[2] In his amended petition, the petitioner, in his first count, claimed relevant to this appeal that his criminal trial counsel, Attorney Thomas Ullmann, had rendered ineffective assistance by failing to have him evaluated by a mental health professional, an evaluation that would have included magnetic resonance imaging (MRI) and a substance abuse evaluation. The petitioner contended that such an evaluation would have provided mitigation during the pretrial phase of the case, exculpatory evidence during the evidentiary phase of the trial, and mitigation at sentencing. The petitioner also alleged that an MRI would have revealed "lesions on the brain which affected the petitioner cognitively and affected his judgment."

In the second count of the amended petition, the petitioner alleged that his prior habeas counsel, Attorney Bruce McIntyre, had rendered ineffective assistance by failing to claim that Ullmann had rendered ineffective assistance by not having the petitioner evaluated by a mental health professional. In the third count of the amended petition, the petitioner claimed that he was denied the right to a fair trial when the trial court allowed the jury to hear evidence of his substance abuse and excluded evidence of his steroid abuse. He also

[2] The petitioner filed a prior petition for habeas corpus, but the habeas court, *Fuger, J.,* denied his petition and denied certification to appeal. *Haughey* v. *Commissioner of Correction*, 173 Conn. App. 559, 560–61, 164 A.3d 849, cert. denied, 327 Conn. 906, 170 A.3d 1 (2017). This court dismissed his appeal. Id., 573.

contended that "[t]his evidence was so unfairly prejudicial that it deprived the petitioner of a fair trial." Finally, in the fourth count of the amended petition, the petitioner alleged that the presence of lesions on his brain amounted to newly discovered evidence that supported his claim of actual innocence. He asserted that, in 2018, "a medical doctor at [the University of Connecticut]," after administering an MRI, had determined that the petitioner "had approximately fifteen to eighteen lesions on the brain predominantly on the frontal lobe" and that "based on the size and color [these lesions] were likely present during his childhood," which the petitioner claimed "affected his judgment and cognitive abilities."

The same day that the petitioner filed his amended petition, he also disclosed Andrew Meisler, Ph.D., as an expert witness pursuant to Practice Book § 13-4. In this disclosure, the petitioner stated that Meisler, a clinical and forensic psychologist, was to conduct a mental health evaluation of the petitioner and was expected to provide testimony regarding the petitioner's current cognitive levels and his cognitive levels at the time his criminal cases were pending. Meisler also was to conduct a substance abuse evaluation of the petitioner and determine how his substance abuse could have exacerbated his mental health conditions. Meisler's evaluations, the petitioner contended, would establish or demonstrate that providing the petitioner with proper evaluation and treatment during the pretrial phase of his criminal case would have been beneficial in assisting the petitioner with his recollection of facts, which would have further assisted his case. Meisler subsequently was listed on the petitioner's witness list on March 15, 2023.

On March 30, 2023, several days before the scheduled trial date, the petitioner's counsel, Attorney Jason Goddard, filed a motion requesting an additional one-half

day of trial. He stated that Meisler had been dealing with an unexpected emergency and had not completed his evaluation or report regarding the petitioner. Meisler still needed to meet face-to-face with the petitioner and was contemplating completion of his evaluation and report by early June, 2023. The court granted the petitioner's motion and scheduled an additional one-half day of trial for November 14, 2023.

Trial on the habeas petition began on April 3, 2023. On that date, the petitioner presented testimony by Attorney Maureen Gaffey, who served as codefense counsel at his criminal trial;[3] McIntyre, his prior habeas counsel; Nicole Danna, his former girlfriend; and the petitioner himself. The petitioner testified that he and his criminal trial counsel, Ullmann and Gaffey, had agreed to a defense at the time of his criminal trial that he was not involved in the two murders because he was "getting high" somewhere "in the projects" when the murders had occurred. The petitioner also testified, however, that he frequently was abusing steroids and illicit drugs at the time, and, as a result, he sometimes suffered from blackouts and rages that resulted in lapses of memory. He asserted, therefore, that it was possible that his steroid and cocaine abuse could have affected his mental state so profoundly that he actually could not remember committing the crimes.

After the evidence concluded on April 3, 2023, the habeas court, *Newson, J.*, noted that the petitioner's one remaining witness was Meisler and that an additional day of trial would be scheduled. At the start of

---

[3] Ullmann died prior to the commencement of the habeas trial. Although Gaffey was not mentioned in the petitioner's amended petition, the petitioner's counsel focused his examination of her at trial on her role as part of a team of attorneys that rendered ineffective assistance during his criminal trial. Additionally, we note that the petitioner had not alleged or made any claim of ineffective assistance regarding Attorney Brian Carlow either at trial or in his appellate brief. Carlow was involved only for the part of the petitioner's criminal trial concerning DNA evidence.

the scheduled continuance date of November 14, 2023, Goddard indicated that the petitioner was resting his case. Goddard advised the court: "We expected to put on expert testimony. We do not have that available to us. So, we would rest at this time." The habeas court indicated that the case had been discussed in chambers and then noted: "As opposed to simply not being available because of a scheduling issue, the information that the expert gave you, you have chosen or decided that you're not going to present it because you don't think it would be helpful. Is that accurate? As opposed to the fact that the witness just can't be here and you're not calling the witness." Goddard responded that "[t]he witness is available. However, the witness is unable to provide the information that we sought and, therefore, it would make his—any testimony irrelevant." The court then stated: "So . . . you've assessed as an officer of the court that the evidence . . . either would not be helpful or is not necessary to present." Goddard indicated that the court's statement was correct and that Meisler's testimony would not be helpful to the petitioner's case.

The respondent, the Commissioner of Correction, then rested without calling any witnesses and the parties proceeded to closing arguments. At the conclusion of the arguments, the court indicated it would take the case under consideration and issue a written decision "in due course."

One month later, prior to the issuance of the habeas court's memorandum of decision, the petitioner filed a self-represented motion to dismiss counsel, which was dated December 14, 2023, and stamped as received on December 18, 2023. In his motion, the petitioner alleged that Goddard had failed to carry out his responsibilities regarding his representation of the petitioner in this habeas action, acted against the petitioner's interests, and "deliberately sabotaged" the habeas petition by

making false representations to the court about the mental health expert. Specifically, the petitioner stated that Goddard had failed to arrange for the petitioner to meet with a mental health expert to conduct a psychiatric evaluation or to provide the expert with available records regarding the petitioner's mental state at the time of the crime and at the time of the criminal trial and, thereby, Goddard had made it impossible for the expert to conduct a reasonable professional evaluation of him. The petitioner alleged that Goddard had concluded that Meisler " 'couldn't do anything to help us.' " On December 20, 2023, the court, *Wagner, J.*, issued an order that it would conduct a hearing on the motion to dismiss counsel on January 4, 2024.[4]

On December 29, 2023, prior to the hearing on the petitioner's motion to dismiss counsel, but subsequent to the issuance of Judge Wagner's scheduling order, the habeas court issued its decision denying the habeas petition. On the first count, Judge Newson determined that the petitioner's claim of ineffective assistance of criminal trial counsel was barred by the doctrine of res judicata because the petitioner previously had raised and litigated this claim in his first habeas action and therefore he could not relitigate it in the present matter. As to the second count, the claim of ineffective assistance of McIntyre, his prior habeas counsel, for not obtaining an MRI and mental health and substance abuse evaluations of the petitioner, the court found the petitioner had not presented any evidence of evaluations, MRI studies, or any other expert reports and, therefore, had failed to meet his burden to prove his claim.[5] In denying the due process claim alleged in count

---

[4] Counsel for the respondent was excused from attending the hearing on January 4, 2024.

[5] "To succeed on a claim of ineffective assistance of counsel, a habeas petitioner must satisfy the two-pronged test articulated in *Strickland* v. *Washington*, [466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. *Strickland* requires that a petitioner satisfy both a performance prong and a prejudice prong. . . . It is well settled that [a] reviewing court can find

three of the amended petition, the habeas court concluded that the issues regarding the trial court's evidentiary rulings regarding his substance abuse and steroid use should have been raised on direct appeal and were procedurally defaulted. Finally, regarding the fourth count alleging actual innocence, the court found that the petitioner's claim of newly discovered evidence by way of results from an MRI study done in 2018, where brain lesions were discovered on his frontal lobe, also failed. The habeas court reasoned that, even assuming that such evidence would support a claim of actual innocence, the petitioner failed to present the alleged MRI study or any other evidence regarding the lesions on his brain or any other issues concerning his cognitive abilities or mental status.

Six days after the issuance of the decision on the habeas petition, Judge Wagner held a hearing on January 4, 2024, regarding the petitioner's motion to dismiss counsel. At the outset of this proceeding, the petitioner stated that he had had no communication with Goddard, except for one meeting that occurred between April and November of 2023. The petitioner also informed Judge Wagner that it was his understanding that "this entire summer was supposed to be built on the forensic psychologist to come speak with me. But I never . . . [saw] or talked to a forensic psychologist in the times that we were supposed to. . . . But the moral of this is there's been a complete breakdown in communication."

Goddard was not present at this hearing. Another attorney from his firm, Attorney Meredith Olan, advised

---

against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Grant* v. *Commissioner of Correction*, 342 Conn. 771, 780, 272 A.3d 189 (2022). Even if we assume that Judge Newson concluded that counsel's performance was deficient, Judge Newson's remarks to counsel at the end of the trial indicate he clearly felt that the petitioner had failed to demonstrate that he was prejudiced by his trial counsel's allegedly deficient performance because proof of prejudice required expert testimony.

the court that Judge Newson had issued a decision on the habeas petition and suggested that the petitioner's motion to dismiss counsel might be moot. Olan also disputed the petitioner's claims that Goddard had met with him only once since the previous April. Judge Wagner then addressed the petitioner and advised him that his habeas trial already had concluded, but despite Olan's declaration at the beginning of the hearing, Judge Wagner remained unclear on whether a decision had been issued. The petitioner argued again that there had been inadequate communication with Goddard during the habeas trial. He complained that his whole case had been "built on a forensic psychologist . . . [and then Goddard] showed up the day before trial to say, oh, by the way . . . we're not using the forensic psychologist." The petitioner indicated he was "completely flabbergasted" when he appeared for the continued trial date of November 14, 2023, and learned that Goddard would not be calling an expert.

Judge Wagner then informed the petitioner that she agreed with Olan that at this point the case was moot, although she appeared to remain under the impression that the habeas petition had yet to be decided. The court further explained: "I think that in light of what you've articulated here today, it sounds like if you're unsuccessful . . . in your current habeas case, again, awaiting that—the decision from Judge Newson—then you would be looking at—because you've articulated what you see as ineffective assistance from Attorney Goddard, so you would be looking at filing an additional petition in which you claim that he was ineffective in his representation of you." The court also advised the petitioner that there was no additional work that Goddard would be doing on his case because he would not be handling any appeal, so he need not worry about any further representation by Goddard.

The petitioner then asked why he should have to litigate another habeas petition when his current petition was based on the need for a forensic psychologist. He stated he did not understand why "this thing can't just be reopened." Judge Wagner responded that the case could not be opened because his trial had already come to a close and the case was awaiting decision.

At this point, Olan made it clear to Judge Wagner that Judge Newson had issued his decision denying the habeas petition the previous week, on December 29, 2023. The court then instructed Olan to explain the decision and the appeal process to the petitioner and directly informed the petitioner that counsel would be explaining the decision to him. She further advised the petitioner that he could appeal the denial of this habeas petition or file a new habeas petition claiming that Goddard had been ineffective in failing to pursue an evaluation of the petitioner. That same day, Judge Wagner issued a written order stating that the motion to dismiss was denied as moot[6] because the case had already gone to judgment. The petitioner then filed a petition for certification to appeal, which the habeas court denied, and this appeal followed.

I

The petitioner first claims that the habeas court abused its discretion when it denied his petition for

---

[6] "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [a] court's subject matter jurisdiction . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. . . . Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . A case is considered moot if [the trial] court cannot grant . . . any practical relief through its disposition of the merits . . . . When . . . events have occurred that preclude [the] court from granting any practical relief through its disposition of the merits, a case has become moot." (Internal quotation

certification to appeal. The respondent agrees that the habeas court improperly denied the petition for certification to appeal in this case. We conclude that the petitioner has demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve them in a different manner, or that the questions are adequate to deserve encouragement to proceed further, and, therefore, the habeas court abused its discretion in denying the petition for certification to appeal.

"In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), [our Supreme Court] concluded that . . . [General Statutes] § 52-470 (b) prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), [our Supreme Court] incorporated the factors adopted by the United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. . . . In determining whether the habeas court abused its discretion in denying the petitioner's request for certification, we necessarily must consider the merits of the petitioner's underlying claims to determine whether the

marks omitted.) *Kemon* v. *Boudreau*, 205 Conn. App. 448, 467, 258 A.3d 755 (2021).

habeas court reasonably determined that the petitioner's appeal was frivolous." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Castonguay* v. *Commissioner of Correction*, 300 Conn. 649, 657–58, 16 A.3d 676 (2011); see also *Khan* v. *Commissioner of Correction*, 234 Conn. App. 851, 856–57, 344 A.3d 1234 (2025).

In the petition for certification to appeal, the petitioner, in a self-represented capacity, asserted, inter alia, that the habeas court should not have rendered its judgment denying the petition for a writ of habeas corpus before considering the motion to dismiss counsel. Both parties agree that the procedural appropriateness of rendering judgment without resolving the petitioner's motion to dismiss is a colorable legal issue that is debatable amongst jurists of reason. The petitioner also claims that a court could have resolved the issues differently, or the issues should proceed further for some other reason.

On the basis of our review of the merits of the petitioner's appeal, which is set forth in part II of this opinion, we conclude that the habeas court abused its discretion in denying the petition for certification to appeal. We agree with the parties that the petitioner has demonstrated that his claim, which is premised on the denial of his motion to dismiss counsel, is debatable among jurists of reason, could be resolved by a court in a different manner, or is adequate to deserve encouragement to proceed further. Accordingly, we proceed to a full review of the merits of the petitioner's appeal. See, e.g., *Antonio A.* v. *Commissioner of Correction*, 205 Conn. App. 46, 79, 256 A.3d 684, cert. denied, 339 Conn. 909, 261 A.3d 744 (2021).

## II

Next, we consider the petitioner's claim that the habeas court improperly issued its memorandum of

decision denying his petition prior to considering and ruling on his motion to dismiss counsel, which was filed eleven days prior to the issuance of the habeas court's decision. The parties agree that the court improperly concluded that the motion to dismiss counsel was moot.[7] Specifically, the respondent acknowledges that, even though the judgment denying the habeas petition had been rendered, the motion to dismiss counsel was not moot because the decision on the habeas petition was still subject to (1) a motion to open the judgment pursuant to General Statutes § 52-212a[8] and Practice Book § 17-4,[9] which establish a four month window following entry of judgment within which a court may open a civil judgment, or (2) a motion for reconsideration of the habeas court's decision on the petition pursuant to Practice Book §§ 11-11 and 11-12. The petitioner and the respondent also agree that further proceedings are necessary to allow the court to consider the merits of the motion to dismiss counsel.[10] We agree with the

---

[7] As noted by the parties in their briefs to this court, had Judge Wagner granted the motion to dismiss Goddard as the petitioner's lawyer, new counsel, or the petitioner in a self-represented capacity, could have taken steps to obtain practical relief by moving for a mistrial or to open the evidence.

[8] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which the notice of judgment or decree was sent. . . ."

However, § 52-212a "does not abrogate the court's common-law authority to open a judgment beyond the four month limitation upon a showing that the judgment was obtained by fraud, duress or mutual mistake." *Bruno* v. *Bruno*, 146 Conn. App. 214, 230, 76 A.3d 725 (2013).

[9] Practice Book § 17-4 (a) provides in relevant part: "[A]ny civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months succeeding the date on which notice was sent. . . ."

[10] The petitioner presents two alternative arguments in support of his claim that the habeas court improperly issued its memorandum of decision denying the habeas petition before it considered and decided the motion to dismiss counsel. Specifically, he asserts that "[t]he question in this appeal

parties that Judge Wagner improperly determined that the petitioner's motion to dismiss counsel was moot because Judge Newson had rendered a decision on the merits of the habeas petition, as the petitioner could have obtained practical relief. Accordingly, further proceedings are necessary.

The parties disagree, however, as to whether additional direction is necessary. The petitioner requests that we reverse not only the order denying as moot the motion to dismiss counsel and remand that matter to the habeas court for consideration on its merits but also reverse the judgment denying the habeas petition. This would ensure that, in the event that the court were to grant his motion to dismiss counsel, all procedural and substantive options regarding the present habeas petition, had his motion to dismiss counsel been granted prior to the rendering of the judgment denying this habeas petition, would remain available and viable. Principally, the petitioner has expressed a concern that, without such instruction from this court, he might be foreclosed from moving to open the judgment on this habeas petition due to the four month limitation to file such a motion pursuant to § 52-212a and Practice Book § 17-4. Moreover, the petitioner contends that, if the judgment on the habeas petition remains in place, any future claims may be barred due to estoppel or res judicata considerations. Specifically, he points to the recent decision from our Supreme Court in *Clue* v.

is whether the habeas court had a duty to address the petitioner's motion to dismiss counsel before entering judgment, or, alternatively, whether the failure to address the motion was an abuse of the habeas court's discretion." We limit our consideration to the second argument advanced by the petitioner, that is, whether the habeas court abused its discretion in failing to address the motion to dismiss counsel prior to adjudicating the merits of the petition for a writ of habeas corpus. We leave for another day the determination of whether the court had a duty to rule on the motion to dismiss counsel before it considered the habeas petition and whether the failure to do so constituted plain error.

*Commissioner of Correction*, 353 Conn. 97, 340 A.3d 1102 (2025). In that case, our Supreme Court concluded that claims of ineffective assistance of habeas counsel do not fall within the "[u]nless otherwise provided by law" provision of § 52-212a and serve as a common-law exception to the requirement that a motion to open a judgment must be filed within four months. Id., 119–20.

The respondent asserts that reversing the judgment of the habeas court denying the petition is not required in this case to ensure that the petitioner's rights, including filing a motion to open that judgment, remain even if the motion to dismiss counsel is granted at some future point.[11] Instead, he urges that our remand be limited to directing the habeas court to consider the merits of the petitioner's motion to dismiss counsel. According to the respondent, if that motion is granted, any further action must be based on the actions of counsel. Counsel for the respondent did suggest, however, that because the motion to dismiss counsel initially was filed before the judgment denying the habeas petition, in the event that the motion to dismiss counsel is granted, a motion to open the judgment would be permitted even though it was filed outside of the four month time frame of § 52-212a due to equitable tolling. Additionally, counsel for the respondent posited that the present case was distinguishable from the circumstances of *Clue* v. *Commissioner of Correction*, supra, 353 Conn. 97, and therefore a motion to open the judgment would be viable.

As an initial matter, we set forth the relevant law underlying this matter. It is well established that

---

[11] The respondent acknowledges in his brief to this court, however, that "it may be the better practice in most circumstances for a court to hear a motion to dismiss counsel before passing on the merits of a habeas petition . . . ." He further emphasizes, however, that the "rigid rule" offered by the petitioner would deprive habeas courts of the "flexibility to interdict dilatory and insubstantial claims."

"[h]abeas corpus is a civil proceeding." *Collins* v. *York*, 159 Conn. 150, 153, 267 A.2d 668 (1970). Consequently, "[a] habeas corpus action, as a variant of civil actions, is subject to the ordinary rules of civil procedure, unless superseded by the more specific rules pertaining to habeas actions." (Internal quotation marks omitted.) *Kendall* v. *Commissioner of Correction*, 162 Conn. App. 23, 45, 130 A.3d 268 (2015). Furthermore, we emphasize that a trial court is obligated to consider and rule on all motions properly before it. "Courts are in the business of ruling on litigants' contentions, and they generally operate under the rule essential to the efficient administration of justice, that where a court is vested with jurisdiction over the subject-matter . . . and . . . obtains jurisdiction of the person, it becomes its . . . duty to determine every question which may arise in the cause . . . ." (Internal quotations marks omitted.) *Ahneman* v. *Ahneman*, 243 Conn. 471, 484, 706 A.2d 960 (1998).[12] Finally, we are mindful of the policy of the law to bring about a trial on the merits of a dispute when possible and to secure for the petitioner his day in court. See *Clue* v. *Commissioner of Correction*, supra, 353 Conn. 116.

Next, we consider the four month time frame for filing a motion to open a judgment set forth in § 52-212a. "A motion to open and set aside a judgment in a

---

[12] In *Ahneman* v. *Ahneman*, supra, 243 Conn. 471, and an earlier case, *Tough* v. *Ives*, 159 Conn. 605, 268 A.2d 371 (1970), our Supreme Court addressed a court's failure to timely rule on motions where the failure to rule on them was a conscious choice on the part of the judge involved. See *Ahneman* v. *Ahneman*, supra, 483–84; *Tough* v. *Ives*, supra, 606. The record in this case does not disclose why the petitioner's motion to dismiss counsel was not referred to Judge Newson, who had been presiding over the habeas trial. Instead, it was referred to Judge Wagner several days before Judge Newson issued his memorandum of decision and the record does not disclose that Judge Newson was aware that the motion to dismiss counsel had been filed. Moreover, the record reveals that Judge Wagner had no knowledge that a decision on the merits of the habeas petition had been rendered prior to the date she heard the petitioner's motion.

civil case is governed by § 52-212a and Practice Book § 17-4. . . . As a consequence, our analysis begins with the statutory text. Section 52-212a provides in relevant part: Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which the notice of judgment or decree was sent. . . . We have explained that, outside of the habeas context, the purpose of § 52-212a is to protect the finality of judgments. . . . Consistent with this legislative purpose, we have characterized the four month period as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it. . . . This is because § 52-212a permits waiver of the four month limitation period, and parties may not waive subject matter jurisdiction." (Citations omitted; internal quotation marks omitted.) *Clue* v. *Commissioner of Correction*, supra, 353 Conn. 106–107; see also *Prioleau* v. *Agosta*, 220 Conn. App. 248, 259, 297 A.3d 1012 (2023).

The respondent argues that we need only remand the case to the habeas court for a determination on the merits of the motion to dismiss counsel. If the habeas court were to grant this motion and appoint new counsel, only then should the petitioner be permitted to pursue further steps pertaining to the judgment of the habeas court denying his petition for a writ of habeas corpus. In other words, the respondent recommends that, if the court were to find the allegations in the motion to dismiss counsel meritorious, it may then appoint new counsel and, if requested by the newly appointed counsel, consider whether the allegations warrant opening the judgment.

The respondent's proposed remedy is problematic in that he does not concede that the petitioner may litigate

those aspects of his motion to dismiss counsel that sound in ineffective assistance of counsel as a basis to open the judgment of the habeas court. Allegations of the ineffective assistance of Goddard, however, are the only basis for the petitioner's motion to dismiss counsel. The respondent asserts that any claims regarding ineffective assistance of Goddard relating to the present habeas petition "must be presented via a new habeas petition . . . ." The petitioner may thus be forced to pursue a successive habeas petition, also known as a "habeas on a habeas."[13] Moreover, there is no assurance that a future habeas court will necessarily agree with the respondent's arguments regarding the availability of a motion to open the habeas judgment in such future proceedings. Further, the respondent may object to the rehearing of the petitioner's motion to dismiss counsel because judgment on the habeas petition has been rendered and when a rehearing is scheduled, that habeas court may agree and determine that the time for consideration of the motion to dismiss counsel has long since passed. In short, assuming that the petitioner prevails on his motion to dismiss counsel, he will not have the opportunity to pursue all of the options regarding the denial of his habeas petition that would have been available to him had the court granted it at the time it initially was filed.

Additionally, the petitioner may lose the opportunity to utilize other procedural opportunities regarding this habeas petition. For example, had the habeas court considered the merits of the motion to dismiss counsel prior to the issuance of its decision, new counsel may have been appointed who might have pursued a motion

---

[13] See, e.g., *Clue* v. *Commissioner of Correction*, supra, 353 Conn. 111; *Banks* v. *Commissioner of Correction*, 347 Conn. 335, 376 n.8, 297 A.3d 541 (2023) (*Robinson, C. J.*, dissenting).

to open the evidence[14] or a motion for a mistrial.[15] If new counsel is appointed on remand, and that counsel is left only with the possibility of opening the judgment, the petitioner may have obtained nothing more than a Pyrrhic victory. Cf. *Gaines* v. *Manson*, 194 Conn. 510, 528–29, 481 A.2d 1084 (1984) (habeas court has broad discretion to frame remedy and relief as law and justice require).

Furthermore, the motion to dismiss counsel, if the facts contained therein were proven, might have presented sufficient grounds for the granting of a swifter remedy than advising the petitioner to file a third "habeas on a habeas" petition. It detailed specific allegations that second habeas counsel had made material

[14] A motion to open the evidence could have been problematic because such motions ordinarily are heard prior to the conclusion of the trial, and, in this case, both parties had rested more than one month prior to the date the petitioner filed his motion to dismiss counsel. Nevertheless, "[i]n any ordinary situation if a trial court feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence there is a serious danger of a miscarriage of justice, it may properly permit that evidence to be introduced at any time before the case has been decided. . . . Whether or not a trial court will permit further evidence to be offered after the close of testimony in a case is a matter resting in the sound discretion of the court." (Internal quotation marks omitted.) *In re Kameron N.*, 202 Conn. App. 637, 646, 264 A.3d 578, cert. denied, 336 Conn. 926, 246 A.3d 986 (2021), and cert. denied, 336 Conn. 927, 246 A.3d 986 (2021); see also *Valentine* v. *Commissioner of Correction*, 219 Conn. App. 276, 337–42, 295 A.3d 973 (habeas court did not abuse its broad discretion in denying petitioner's motion to open, which was filed more than one year after conclusion of habeas trial and after court had rendered judgment), cert. denied, 348 Conn. 913, 303 A.3d 602 (2023).

[15] "In a civil case a mistrial is only warranted if, as a result of some occurrence, it is apparent to the court that . . . a party cannot have a fair trial and the whole proceedings are vitiated." (Internal quotation marks omitted.) *Patrick* v. *Burns*, 5 Conn. App. 663, 673, 502 A.2d 432 (1985), cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986), and cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986), and cert. denied, 198 Conn. 805, 504 A.2d 1059 (1986); see *Wilson* v. *Commissioner of Correction*, Docket No. CV-17-4008812-S, 2024 WL 575896, *6 (Conn. Super. January 25, 2024) (habeas court considered and denied motion for mistrial on grounds of judicial bias).

misrepresentations to the habeas court concerning his efforts to secure expert testimony that were very detrimental to the petitioner. Significantly, after resting without presenting any expert opinion on three claims that required it, second habeas counsel did not withdraw the claims related to the failure of trial counsel and first habeas counsel to investigate and present mental health evidence on his behalf or the actual innocence claim. As a result, the habeas court ruled on the merits of these claims. That ruling may, on the grounds of res judicata, prohibit the petitioner from raising related arguments or allegations in a subsequent habeas proceeding. See, e.g., *Walsh* v. *Commissioner of Correction*, 233 Conn. App. 66, 72, 338 A.3d 1169 (2025); *Cator* v. *Commissioner of Correction*, 229 Conn. App. 393, 406–407, 410, 327 A.3d 1028 (2024), cert. denied, 351 Conn. 919, 333 A.3d 105 (2025).

The denial of the petitioner's motion to dismiss counsel on the basis of mootness is reversed and the case is remanded to the habeas court for a hearing on the merits of that motion. In the event that the habeas court grants the motion to dismiss counsel and appoints new counsel to represent the petitioner, the judgment of the habeas court denying counts two and four of the amended petition is reversed and a new trial is ordered on those claims. If the habeas court denies the petitioner's motion to dismiss counsel, then the judgment is affirmed.

The judgment denying the petitioner's motion to dismiss counsel and to appoint new counsel is reversed and the case is remanded for further proceedings in accordance with the preceding paragraph.

In this opinion the other judges concurred.